Pickle's Adm'r v. Ezzell.

---

## PICKLE'S ADM'R vs. EZZELL.

[APPEAL FROM ALLOWANCE OF CLAIM AGAINST INSOLVENT ESTATE.]

1. *Insufficiency of affidavit.*—When a claim against an insolvent estate is verified by the affidavit (not of the creditor, but) of a third person, who swears that the claim, " to the best of his knowledge, information, and belief, is yet due and unpaid", but does not state that he has any knowledge of its correctness or that it is due,—the affidavit is not sufficient, and the claim should be rejected.—Code, § 1847.

APPEAL from the Court of Probate of Henry.

IN THE MATTER of the estate of Amos Pickle, deceased, which was reported and declared insolvent on the 21st March, 1853. The appellee, as surviving partner of the firm of Radford & Ezzell, filed certain claims against said estate, which were verified by the affidavit of John W. Harper, who stated that said claims, "to the best of affiant's knowledge, information, and belief, are yet due and unpaid." The administrator objected to the allowance of the claims, on account of the insufficiency of the affidavit ; and raised several other objections to them, which it is unnecessary to notice. The court decided that the affidavit was sufficient, and its ruling is now assigned for error.

E. C. BULLOCK, for the appellant.

JAMES L. PUGH, *contra*.

GOLDTHWAITE, J.—The Code (§ 1847) requires all claims against insolvent estates to be verified by the oath of the claimant, or of some other person, "who knows the correctness of the claim, and that the same is due"; and the affidavit in this case cannot be regarded as a fulfillment of this requisition, since it does not show that the party had any knowledge either as to the correctness of the claim, or that it was then due. If no objection had been made to it, the court should not have allowed the claim (Code, § 1853) ; and, *a fortiori*, when the objection was made on the specific ground, it should have been sustained.

Judgment reversed, and cause remanded.