## LAY *vs.* CLARK'S ADM'R.

[CONTEST AMONG CREDITORS OF INSOLVENT ESTATE.]

1. *Sufficiency of affidavit verifying claim.*—When a claim against an insolvent estate is verified by the oath of the claimant himself, the affidavit must show that the claim is a just and subsisting demand.

APPEAL from the Probate Court of Sumter.

IN the matter of the estate of David W. Clark, deceased, which was declared insolvent on the 2d June, 1856. On the 28th February, 1857, a claim was filed against said estate by Ward P. Lay, consisting of a schedule, or inventory, of goods, wares and merchandise; accompanied by

27

the affidavit of said Lay, to the effect, "that the forego-
ing is a correct inventory of the goods, amounting to
$13,379 23, purchased by David W. Clark in his lifetime
from the firm of Lay & Clark, and due on the 1st Janu-
ary, 1855;" and the affidavit of one W. W. Runnell, to
the effect "that he assisted in taking said inventory, and
that the same is correct." No objection to the allowance
of this claim was filed within twelve months after the
declaration of insolvency; but after the administrator's
accounts had been stated, and the amount in his hands
for distribution had been ascertained, an oral objection to
its allowance was made, by an attorney who represented
some of the other creditors, "on the ground that it was
not sufficiently verified." Lay then proved to the court
that his said claim was just, due, and unpaid; offered to
make another affidavit to that effect; and insisted that
the objection to its allowance came too late. The court
held the first affidavit insufficient, refused to receive the
second, because it was not filed within nine months after
the declaration of insolvency, and rejected the claim; to
which several rulings exceptions were reserved, and which
are now assigned as error.

TURNER REAVIS, for the appellant.

A. A. COLEMAN, contra.

STONE, J.—Section 1847 of the Code provides, that
claims filed against insolvent estates must be "verified by
the oath of the claimant, or some other person who knows
the correctness of the claim, and that the same is due;
or the same is forever barred." In Carhart, Brothers &
Co. v. Clark's Adm'r, at the present term, we held, that
to avoid the bar, both the claim and the verification must
be filed within the nine months.—See, also, Pickle v.
Ezzell, 27 Ala. 623.

The word "verified," as employed in this section, means
proved. The affidavit of Mr. Lay shows a sale of mer-
chandise, the agreed price, and the time when the debt
matured. This makes a *prima-facie* case; and, if sub-
mitted to a jury, would, in the absence of other proof,

justify a verdict in favor of the plaintiff. Is it sufficient under the section of the Code we are considering?

The statute has not declared, in terms, what shall be a sufficient verification. It furnishes, however, persuasive evidence of what is meant, by prescribing the *extent* of knowledge which the witness shall possess, when the verification is by some person other than the claimant. We can conceive of no good reason for requiring that such witness should *know the correctness of the demand and that the same is due*, unless it be part and parcel of every good verification that it show the claim to be *correct* and *due*. Neither can we find any solid foundation on which to rest a distinction, which would relieve a claimant who verifies his own claim from offering as full proof as is required by a disinterested third person. We think we carry out the intention of the legislature, by holding that the verification, no matter by whom made, shall show that the claim is correct, and that the same is due; in other words, that it is a just and subsisting demand.

In Jordan v. Owen, 27 Ala. 153, we considered the import of the language "correctness of the demand," as employed in section 2313 of the Code. That section is, in its policy, very like the one under discussion. We there said, that when a party "undertakes to prove by his own oath the *correctness* of his demand, he must not only state facts which, if proved by other witnesses, would make out a *prima-facie* case of indebtedness of defendant to him, but he must go further and swear to the fact of nonpayment of the indebtedness."—See, also, Brasher v. Lyle, 13 Ala. 324.

We do not hold that, under section 1847 of the Code, the affidavit shall, in terms, aver that the claim has not been paid. It must, however, appear from the affidavit that the claim is a subsisting demand.

The claim in this case was not sufficiently verified; and the result is, that the judgment of the probate court is affirmed.