## DENNIS *vs.* COKER'S ADM'R.

[CONTEST AMONG CREDITORS OF INSOLVENT ESTATE.]

1. *Sufficiency of affidavit verifying claim.*—An affidavit of the creditor himself, or of a third person, to the effect " that the annexed account is just and correct, to the best of his knowledge and belief," without more, is not a sufficient verification of a claim against an insolvent estate.

2. *Amendment of insufficient verification* —The act of 1858, (Session Acts 1857–8, p. 37,) authorizing the amendment of insufficient affidavits, does not apply to a case in which nine months after the declaration of insolvency had expired before the passage of the act.

APPEAL from the Probate Court of Monroe.

IN the matter of the estate of George W. Coker, deceased, which was regularly declared insolvent on the 22d October, 1855, and against which the appellant, as the surviving partner of the firm of J. B. & P. M. Dennis, had filed as a claim an account for $189 92. The affidavits annexed to this claim, on which its allowance was asked, were the following: 1st, the affidavit of J. B. Dennis, deceased, made before a justice of the peace on the 18th September, 1854, stating " that the annexed account is just and correct, to the best of his knowledge and belief;" 2d, the affidavit of G. M. Longmire, made before a justice of the peace on the 8th March, 1855, stating " that the annexed account is just and correct, to the best of his knowledge and belief;" 3d, an additional affidavit by said Longmire, made before the probate judge on the 5th April, 1858, in which he stated, " by way of amendment to his above affidavit heretofore made, that he was

the clerk in the store of said J. B. & P. M. Dennis when the annexed account of Geo. W. Coker was made, and believes said account to be correct and true, and also that said account is due and unpaid, for the following reasons: that he never knew of any payment being made on said account, (except $30, for which there is a credit,) although he was in said store until about the 10th January, 1853; that he assisted in posting up and drawing off said account in the summer or fall of 1853; and that he heard J. B. Dennis, now deceased, both before and after the death of said Coker, frequently say that said account was unpaid;" and, 4th, the affidavit of the claimant himself, P. M. Dennis, made before the probate judge on the 28th May, 1858, stating, "as an amendment to the above affidavits, that the annexed account is true and now due." On this proof, the probate court rejected the claim; to which ruling the claimant excepted, and which he now assigns as error.

J. W. POSEY, for appellant.

S. J. CUMMING, *contra.*

R. W. WALKER, J.—Under the rule adopted in Pickell v. Ezell, 27 Ala. 623, we must hold, that the affidavit of J. B. Dennis, and the original affidavit of Longmire, do not properly verify the claim of the appellants.—See, also, Lay v. Clark, 31 Ala. 409.

[1.] The subsequent affidavits, made in April, 1858, can have no influence on the case. The act of February 6th, 1858, (Acts '57–8, p. 37,) does not apply, where the nine months after the estate was declared insolvent had expired before the statute was enacted.

The decree of the probate court is affirmed.