FITZPATRICK vs. HAYS.

[ACTION ON ACCOUNT FOR MEDICAL SERVICES RENDERED.]

1. *Proof of demand by plaintiff's own oath.*—Where the plaintiff proposes to establish his demand by his own oath, (Code, § 2313,) and swears positively to its correctness, the defendant's sworn denial of the facts, "upon the best of his knowledge and belief," is not sufficient to exclude the plaintiff's statement as evidence.

2. *Charge requiring explanation, or calculated to mislead jury.*—The giving of a charge which asserts substantially a correct legal proposition, although calculated to mislead the jury if critically construed, affords no ground for a reversal of the judgment: the party should ask an explanatory charge.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by James A. Hays, against Jesse Fitzpatrick, and was founded on an open account for medical services rendered by plaintiff for defendant, amounting to $185. The complaint contained all the common money counts. The defendant pleaded—1st, the general issue; 2d, set-off of a promissory note and open account, amounting to about $20; and, 3d, a special plea

Fitzpatrick v. Hays.

of set-off for the value of several slaves, for whom the plaintiff had rendered professional services as a physician, and who were alleged to have died from his negligent and unskillful treatment. On the trial, as the bill of exceptions shows, the plaintiff introduced the account on which the action was founded, with an affidavit thereto appended, made by himself before the clerk of the circuit court, in these words: "Plaintiff proposes to prove, by his own oath, that the account hereto annexed is correct; that he rendered the services, at the request of the defendant, as a regularly graduated physician; that the charges are reasonable, and such as are usually made by physicians, and that he never has been paid any part of said account." The defendant then submitted an affidavit, in the following words: "Defendant states, upon the best of his knowledge and belief, that the pretended services of the plaintiff, above mentioned, were of no benefit to him, but worked much injury to him; that there was a want of skill, which was injurious to him, and which produced loss to him; and defendant denies the correctness of the plaintiff's foregoing account, and the correctness of the facts asserted in the plaintiff's foregoing proposal." The court held, that the defendant's affidavit was not sufficient to exclude the proposed testimony of the plaintiff, and allowed the latter to testify; to which rulings the defendant excepted.

The rendition of the services charged in the account, the fact that the plaintiff was regularly licensed as a physician, and the correctness of the note and account pleaded as a set-off, were admitted; but there was conflicting evidence on all the other questions in the case. The court charged the jury, at the request of the plaintiff, "that if they believed from the evidence that the plaintiff rendered the services charged in the account, and that said services were rendered at the request of the defendant, and that the plaintiff was not wanting in reasonable skill and diligence in rendering such services, then he is entitled to recover the amount of such services, less the amount of the due-bill and account conceded as a set-off"; to which charge the defendant excepted.

The two rulings of the court above stated, to which exceptions were reserved, are now assigned as error.

GOLDTHWAITE, RICE & SEMPLE, for appellant.
WM. P. CHILTON, contra.

R. W. WALKER, J.—In the cases embraced by section 2313 of the Code, the plaintiff is competent to establish the correctness of the demand by his own oath, unless the defendant, in open court, "denies upon oath the truth of the facts proposed to be sworn to by the plaintiff." The statute evidently contemplates, that the denial of the defendant, as well as the statement of the plaintiff, shall be positive—as of one who speaks from actual knowledge, and not merely from information and belief. This is clearly indicated by the fact, that the legislature has provided that section 2313 of the Code does not apply to cases in which executors, administrators, trustees and guardians, are defendants.—Code, § 2315. The obvious reason of this exception is, that executors, administrators, trustees and guardians are not presumed to be personally cognizant of the facts, and would, as a general rule, be unable to deny the statement of the plaintiff, in the manner required by section 2313. When the plaintiff proposes to testify positively to all the facts necessary to establish his demand, the denial of these facts by the defendant, "upon the best of his knowledge and belief," will not have the effect of excluding the plaintiff's statement.—See Pickle v. Ezell, 27 Ala. 623. The affidavit of the defendant, taken all together, seems to justify the conclusion, that he intended to place his denial of the correctness of the plaintiff's statement upon the ground that, according to the best of his knowledge and belief, the services rendered were injurious, rather than beneficial. At all events, it was not an unambiguous and positive denial of the truth of the facts proposed to be sworn to by the plaintiff, and nothing less than this is a compliance with the statute.

[2.] We think the objection to the charges is hypercritical. The court evidently meant, and so no doubt the jury understood the charge, that the physician must have

used reasonable skill and diligence in his treatment of the slaves. If the charge was calculated to mislead, the defendant should have asked for the proper explanation.

Judgment affirmed.