# Dreyspring, Admr. *v.* Loeb.

*Bill in Equity for the Foreclosure of a Mortgage and the Appointment of a Receiver.*

1. *Appointment of a receiver; failure of complainant to give bond as required by statute renders appointment invalid.*—The provisions of the statute approved February 18, 1895, (Acts, 1894-95, p. 585), which requires that before there can be an appointment of a receiver the complainant must enter into a bond, &c., is mandatory and prohibitory; and without a compliance with the requirements of this statute there can not be a valid appointment of a receiver.

2. *Same; same.*—A decree appointing a receiver, which merely requires the receiver to give bond as conditioned by law, making no mention of the complainant, is invalid.

3. *Same; same; objection by defendant.*—Where, in the appointment of a receiver, the court was proceeding *in invitum*, and an order appointing a receiver is invalid because of non-compliance with the requirements of the statute approved February 18, 1895, (Acts, 1894-95,

p. 585), in order to have the appointment set aside, it is not necessary that it should affirmatively appear that the defendant's objection to the appointment was based upon this particular ground; the action of the court being violative of the plain mandate of the statute.

APPEAL from the City Court of Montgomery, in Equity.

Tried before the Hon. JOHN G. WINTER.

The bill in this case was filed on the 29th of January, 1894, by Leon Loeb, to foreclose two mortgages in said bill set out; one made to him by Elias Judkins and wife, to secure a loan made to said Elias Judkins by Leon Loeb, and the other held by transfer and assignment from the British American Mortgage Company. Pending the foreclosure proceedings, Elias Judkins died and the cause was revived against his administrator, A. T. Dreyspring. The wife, Addie, was already a party defendant. More than two years after the commencement of the foreclosure suit, the complainant, Loeb, filed his petition for the appointment of a receiver to take charge of the rents and profits, estimated at $150 per annum, and pay the same into court, alleging the insufficiency of the mortgaged premises to secure the mortgage debt, the insolvency of the estate, and that Addie, the wife of the mortgagor, was in possession.

The defendants, A. T. Dreyspring and Addie Judkins, answered the petition, the former averring his appointment as administrator, that he had gone into possession of the estate of Elias Judkins, deceased, and had rented the same to Addie Judkins, who was in actual possession as his tenant. The answer averred further that the validity of the mortgage of complainant was denied, and that 18 months since the granting of letters of administration not having expired, said respondent did not know whether the estate was insolvent or not, and that his control thereof should not be ousted. The defendant, Addie Judkins, answered, averring her possession of the mortgaged premises as a tenant of the administrator, Dreyspring, and claimed that the value of the land in question exceeded the amount of complainant's debt, and denied that there was anything due on said mortgage indebtedness.

The petition of the complainant for the appointment

[Dreyspring, Adm'r, v. Loeb.]

of a receiver was submitted to the court; and the court granted the prayer of the petition. The order of the decree appointing the receiver was as follows : "It appears to the court, that the mortgaged property named in complainant's petition is inadequate security for the payment of said mortgage debt, and that the petitioner is entitled to the relief prayed for in his petition." "It is further ordered, that the said Addie Judkins and each and every tenant on said mortgaged land and the said A. T. Dreyspring, his solicitor and all other persons are each and all forbidden to interfere with the possession or control of the receiver appointed under this proceeding, who is here authorized, upon giving bond, to be approved by the register of court, to enter on the discharge of his duties as such receiver in collecting said rents and paying the same over to the register of this court subject to the further orders of this court as may from time to time be made in this cause. It is further ordered, adjudged and decreed, that Sydney Winter be and is hereby appointed as receiver of the property embraced in the mortgage described in the bill of complaint, and, upon the approval of his bond as such receiver in the sum of five hundred dollars, payable to and approved by the register in this court, conditioned as required by law, he will enter on his duties as such."

From this decree the present appeal is prosecuted by the respondents, and the rendition thereof is assigned as error.

GORDON MACDONALD, for appellant.—The appointment of the receiver in this case was clearly invalid. The requirements of the act of February 18, 1895, had not been complied with.—Acts, 1894-95, p. 585. The compliance with the requirements of this statute being a condition precedent to the appointment of a receiver, an appointment made without such compliance is void and must be set aside.—*Taylor v. State ex rel. Hand*, 31 Ala. 383 ; *Tuscaloosa &c. Asso. v. State*, 58 Ala. 54; *Cap. City Water Co. v. Weatherly*, 108 Ala. 412.

E. P. MORRISSETT, *contra*.—By the failure of the defendant to object to the appointment of the receiver, or to enter a motion to discharge said receiver, or in some way to bring it to the notice of the court that the de-

fendants claimed their right under the statute to have the complainant give the bond contemplated therein, the defendants waived such requirement by the court, and can not, for the first time, make that objection in this court. Where a waiver does not affect the jurisdiction of the court or offend against public policy, any one may waive the advantage of a law established or enacted for his benefit.—28 Amer. & Eng. Encyc. of Law, pp. 533-4; *Jones v. Ewing*, 56 Ala. 360; *Levystein v. O'Brien*, 106 Ala. 352.

BRICKELL, C. J.—The act of the General Assembly, approved February 18th, 1895, declares, the chancellor, judge, or register, to whom an application is made for the appointment of a receiver, before making such appointment, "must require the complainant to enter into bond in a sum as such chancellor, judge, or register may prescribe, payable to, and with good and sufficient sureties, to be approved by the register of the court in which the suit is pending, with condition to pay all damages which any person may sustain by the appointment of the receiver, if such appointment is vacated." It is further declared, that any person injured by the appointment, may sue on the bond, in his own name, for the recovery of damages suffered from the appointment.— Pamph. Acts, 1893–94, p. 585.

The statute is mandatory and prohibitory; without compliance with its requirements, there can not be a valid appointment of a receiver.—*Capital City Water Company v. Weatherly*, 108 Ala. 412. True, it does not appear affirmatively, that the defendants objected on this particular ground to the appointment of the receiver. The objection need not appear affirmatively; the court was proceeding against them *in invitum*, and there can be no intendment or presumption that they yielded assent to the irregular action of the court, violative of the plain mandate of the statute.

The decree appointing the receiver must be reversed and vacated, and the cause remanded to the city court.

Reversed and remanded.