# Ex. Parte Carlisle.

## Application for Mandamus.

1. *Mandamus; vacation of decree of court; when legal remedy sufficient; when mandamus will be awarded.*—Although a decretal order setting aside and vacating decrees *pro confesso* may be, in view of the agreement between the parties to the litigation, erroneous, and should not have been rendered, such decretal order will not be required to be set aside on application for *mandamus;* since the action of the lower court is revisable on appeal from the final decree in the case, and such appeal furnishes an entirely adequate remedy to correct the error and protect the rights of the complainant under the agreement.

This was an application for *mandamus* originally filed in this court. The facts of the case are sufficiently stated in the opinion.

A. C. WORTHY, M. N. CARLISLE and WATTS & TROY, for petitioner, cited *Dixon v. Field,* 10 Ark. 243; *People v. Bacon,* 18 Mich. 247; *State ex rel. v. Nabor,* 7 Ala. 459; *Ex parte Lowe,* 20 Ala. 330; *Withers v. State,* 36 Ala. 252; *Castello v. Court,* 28 Mo. 259; *Ex parte Lawrence,* 34 Ala. 446; *Ex parte Barnes,* 84 Ala. 540; *Reynolds v. Crook,* 95 Ala. 570; *Ex parte Tower Manfg. Co.,* 103 Ala. 415; *Ex parte Charleston,* 107 Ala. 688; *Wilson v. Duncan,* 114 Ala. 659; *Ex parte State,* 113 Ala. 85.

R. L. HARMON, *contra.*

McCLELLAN, J.—The following averments are made by the petition: On February 24, 1897, M. N. Carlisle filed a bill of complaint in the chancery court of Pike county against W. B. Folmar and H. C. Carlisle. On March 25th, following, Folmar filed his answer to the bill. On April 15th, 1897, complainant filed an amended bill by consent of the defendants. On May 17th decrees *pro confesso* were taken against the defendants on said amended bill. On June 28th a decree *pro confesso* was entered against H. C. Carlisle on the original bill. A second amended bill

was filed by the consent of the defendants; and on this amended bill decrees *pro confesso* were entered against the defendants June 28th, 1897. July 13th complainant gave notice of the taking of depositions, and depositions were taken and filed before the succeeding term of the court, held in August. On August 2d, during the term of the court, the following agreement was entered into in the cause: "In this case it is agreed, that upon the filing of full and sufficient answers by W. B. Folmar to the two amended bills filed in this case by the complainant, by the first day of September, 1897, that the decrees *pro confesso* taken against him be set aside—the register to determine the sufficiency of such answers. Within ten days thereafter either party in the case may file such additional pleadings as he may deem best for his defense, and such as he would be entitled to in the usual preparation of the case before trial, and under the same rules of pleading. After the case is fully at issue either party may take additional testimony, and the complainant may retake the testimony of the witnesses which has already been taken. All testimony must be taken and filed within twenty days from the time the case is at issue. Respondent may cross-examine complainant's witnesses already examined. After the testimony is all in it may be published on the first day after the last is filed in court. That within five days thereafter the case shall be submitted for decree in vacation. In the event the answers are not filed or allowed as provided above, then no further testimony is to be taken except by consent, and if no other testimony is taken by consent the testimony already taken is to be published, and the case submitted for decree in vacation without delay." On September 3d, 1897, the register made and filed a note of testimony in the cause. On September 11th the chancellor, on motion of the respondent, Folmar, rendered a decree setting aside the decrees *pro confesso* on the amended bill, and granted him thirty days within which to answer said bill. Folmar thereupon moved to dismiss the bill for want of equity, which motion was overruled (September 11). On September 20th complainant gave notice that an application for a rehearing on the decree of September 11th, setting aside

decrees *pro confesso,* would be made on September 24th. September 23d, 1897, Folmar gave notice of an appeal to the Supreme Court from the decree of September 11th overruling his motion to dismiss the bill as amended for want of equity. That decree was affirmed by this court on April 27th, 1898. And thereupon complainant's application for rehearing was presented to the chancellor and, on May 30th, denied. The following are the affidavit and jurat to the petition: "Before me A. B. Foster, register in chancery in and for the county of Pike, and State of Alabama, personally came M. N. Carlisle, who, after being duly sworn, deposeth and saith that the facts set forth in the foregoing petition are true to the best of his knowledge." "Sworn to and subscribed before me this June 1st, 1898." The affidavit is signed by the petitioner, and the jurat by the officer. The prayer of the petition is that *mandamus* issue to the chancellor commanding him to allow said cause to be submitted for decree in vacation without delay, as provided in said contract of August, 2d, 1897, and that he also be decreed to make and have entered an order vacating and setting aside said decree of September 11, 1897, by which said decrees of *pro confesso* were set aside and that said Folmar have thirty days in which to answer said amended bills. There follows a prayer for appropriate relief, if that specially prayed is not appropriate.

We are much inclined to hold the demurrer to the petition on the ground of insufficient verification to be well taken. That averments are true "to the best of affiant's knowledge" is not, it would seem, such verification as is required.—*Code,* § 2825; *Pickle's Admr. v. Ezzell,* 27 Ala. 623; *Dennis v. Coker's Admr.,* 34 Ala. 611; *Globe I. R. & C. Co. v. Thacher,* 87 Ala. 458. If the alleged record made an exhibit to the petition and which contains the facts relied upon were authenticated, the petition might be sufficient without verification.—*Ex parte Tower Manufacturing Co.,* 103 Ala. 415. But, as the petition must be denied on other considerations, we do not pass upon the sufficiency of the verification.

On the case made by the petition and exhibits taken in connection with the answer, we do not find that the

chancellor refused to take a submission of the cause as provided in the agreement, or that any motion to submit under the terms thereof was ever made. What he did in the absence of such motion, and some days after it might have been made, was to enter an order setting aside the decrees *pro confesso* which had been entered against the respondents, and granting them time to answer the amended bill. He had jurisdiction to render such a decretal order, though in view of the agreement it may have been erroneous. If erroneous, however, his action is revisable on appeal from the final decree in the case, and such appeal is an entirely adequate remedy to correct the error and protect the rights of the complainant under the agreement.

*Mandamus* denied.