180 So. 312

## FOWLER v. JOHNSON.

### 8 Div. 834.

Supreme Court of Alabama.
March 31, 1938.

J. E. Delony, Jr., of Tuscumbia, and Robert L. Polk, of Sheffield, for appellee.

Andrews & Almon, of Sheffield, and T. M. Thomas, of Florence, for appellant.

BROWN, Justice.

This appeal is from the decree of the judge of the circuit court appointing a receiver to take charge of, manage, and control certain syndicated properties situated in Colbert county, separately owned and held by Daniel L. Fowler and

Howard E. Fowler, as trustees, for the several syndicates as the cestui que trust.

The appointment was made on bill filed by John W. Johnson, as the resident administrator of the estate of Elbert H. Fowler, deceased, against Daniel Fowler, as trustee, for "1st Addition Detroit Park Syndicate," and "2nd Addition Detroit Park Syndicate," and Howard E. Fowler as trustee for "Tuscumbia Highlands Addition Syndicate," and "Tuscumbia Highlands Syndicate," and "Lake Wilson Syndicate No. 1," and "Lake Wilson Syndicate No. 3," "Lake Wilson Syndicate * * * Third Addition to Detroit Park Syndicate," "Lake Wilson Syndicate No. 2," and "Wilson Lake Syndicate," Fannie L. Fowler, the widow of Elbert H. Fowler, deceased, and principal devisee under his last will, the Detroit Trust Company, the executor of the will of said Fowler, deceased, and Daniel L. and Howard E. Fowler, as individuals.

It appears from the averments of the bill and the exhibits thereto that said Fowler, now deceased, was a resident citizen of Wayne county in the state of Michigan, in which state and county he died; that his general estate is there being administered, under the jurisdiction of the probate court of Wayne county, by the executor of his last will and testament.

It further appears that the only excuse for the local administration is that said Fowler, deceased, owed debts contracted with persons in this state which have not been paid, but the amount or character of such debts nowhere appears in the averments of the bill. The local administration, it appears, has been removed from the probate court of Colbert county into the circuit court of said county, in equity, for further administration.

The only interest or property of Elbert Fowler, deceased, within the jurisdiction of this state, at his death, was his interest as a cestui que trust in said syndicated properties.

It further appears that the present trustees of said properties were appointed, on the death of said Fowler, deceased, who up to his death was the trustee holding the legal title, as such, by the circuit court, on the nomination of the cestui que trust.

The amended bill was verified by the oath of complainant's solicitor "on information and belief" without showing any reason why it was not verified by the complainant.

The appointment of the receiver was made without requiring the complainant to enter into bond as required by section 10115 of the Code, 1923.

It is well settled that this statute is mandatory and the appointment of a receiver without requiring bond "was unauthorized." David v. Levy & Sons, 119 Ala. 241, 24 So. 589; Dreyspring, Adm'r, v. Loeb, 113 Ala. 263, 21 So. 73.

The verification of the bill did not comply with rule 15, Chancery Court Practice, nor does the affidavit disclose any reason why it was not sworn to by the complainant, nor does it show that the solicitor making the affidavit had knowledge, information, or belief as to the truthfulness of the bill's averments. Said verification is nil. Lambert et al. v. Anderson, 227 Ala. 222, 149 So. 98.

The court having acquired jurisdiction of the trust arising out of the syndication of said properties, and also of the administration of the estate, it would seem that the appointment of a receiver to supplant the administrator of the estate, and said trustees appointed by the court, is improvident, subjecting the said trusts to unnecessary depleting expenses in the administration of said trusts. An ascertainment of the justness of the alleged local debts for which the estate is liable, and the amount thereof, and a decree requiring the trustees of the syndicated properties to account for the funds belonging to the estate of said Fowler, deceased, accruing from the interest of said Fowler, deceased, in said properties, in sufficient amount to pay the debts and the necessary expenses of the administration, it would seem, would meet the ends of justice. We have considered the motion to file the additional record and find nothing in said record that is material to the questions presented.

The judgment here is that the order appointing the receiver was laid in error, and the same is reversed.

Reversed and remanded.

ANDERSON, C. J., and FOSTER and KNIGHT, JJ., concur.