124 So.2d 100

**Ruby E. BROOKS**

v.

**Alma Brooks EVERETT et al.**

7 Div. 504.

Supreme Court of Alabama.

Nov. 3, 1960.

See also ante, p. 354, 124 So.2d 105.

Pilcher & Floyd, Ludger Martin, Roberts & Orme and G. Coke Williams, Gadsden, for appellant.

Beddow, Embry & Beddow, Birmingham, for appellees.

LAWSON, Justice.

The appeal is from a decree of the Circuit Court of Etowah County, in Equity.

Submission was on appellees' motion to dismiss the appeal and on the merits.

### Motion to Dismiss Appeal

The first ground of the motion reads:

"For that appellant's brief and argument in this cause was not served upon counsel for appellees in compliance with Rules 11 and 44 of the Revised Rules of the Supreme Court of Alabama in that service was attempted to be had by United States mail but that said brief was deposited in the United States mail without postage prepaid as required by the said Rule 44 of the Revised Rules of the Supreme Court of Alabama."

Appellant's brief is followed by a certificate signed by one of her attorneys to the effect that on June 16, 1960, a copy of the brief was mailed to Honorable Hobdy Rains, one of appellees' attorneys. Supreme Court Rule 11, Code 1940, Tit. 7 Appendix. The certificate also alleged that service of a copy of the brief was had on Mr. Rains "by placing a copy of the same in the United States mail, postage prepaid, properly addressed to him at * * *." Supreme Court Rule 44.

Mr. Rains did not receive the brief in the due course of the mails in that the envelope in which the brief was mailed did not contain sufficient postage. Four cents postage was due. On June 21, 1960, Mr. Rains paid the four cents and the brief was then delivered to him. He thereby received a copy of appellant's brief four days after the original was filed in this court and

within the time prescribed for the filing of appellant's brief. The last day for the filing of appellant's brief in this court was June 22, 1960.

We do not think the appeal should be dismissed because of the circumstances related above. As pointed out, an attorney for appellees received a copy of appellant's brief within the time for the filing of that brief in this court. Our recent case of Board of Commissioners of City of Montgomery v. Crenshaw, 270 Ala. 598, 120 So. 2d 870, is not apposite. In that case a copy of appellant's brief did not reach appellee's counsel until after the expiration of the time allowed for the filing of appellant's brief in this court. Because of the delay in receiving a copy of the appellant's brief, we granted the request of appellee for an extension of time within which to file his brief.

The other ground of the motion to dismiss the appeal reads:

"For that none of appellant's assignments of error are referred to or presented by way of argument in appellant's brief filed in this cause."

There are thirty-eight assignments of error. None of them are specifically referred to in appellant's brief, which falls short of complying with Supreme Court Rule 9. However, we have held that although appellant's brief does not comply with the rule, if it fairly and helpfully makes the points upon which appellant relies this court may, in its discretion, consider those points on their merits. Edge v. Bice, 263 Ala. 273, 82 So.2d 252; Kendall Alabama Co. v. City of Fort Payne, 262 Ala. 465, 79 So.2d 801.

In our opinion, appellant's brief warrants our consideration of assignments of error to the effect that the trial court erred in appointing a receiver and in issuing a temporary injunction.

The motion to dismiss the appeal is overruled.

## On the Merits

Calvin E. Brooks died in Etowah County on August 24, 1958. He was survived by his wife, Ruby E. Brooks, and by three children of a former marriage, namely, Alma Brooks Everett, Haskell Brooks and Harley Brooks.

This litigation grew out of a controversy between the widow and the children.

On August 30, 1958, Ruby E. Brooks offered for probate in the Probate Court of Etowah County an instrument which she alleged to be the last will and testament of Calvin E. Brooks. One of the children, Alma Brooks Everett, filed a contest. That cause was removed to the Circuit Court of Etowah County where it was tried in February, 1960, before a jury. The verdict of the jury was that the instrument offered by Ruby E. Brooks was not the last will and testament of Calvin E. Brooks and a judgment to this effect was duly entered.

The bill in this case was filed in the Circuit Court of Etowah County, in Equity, on March 5, 1960, by the above-named children of Calvin E. Brooks against his widow, Ruby E. Brooks.

The case made by the bill is substantially as follows:

Calvin E. Brooks died seized and possessed of a considerable estate, consisting of both real and personal property, including a business which he operated known as Brooks Furniture Company.

From the time of the death of Calvin E. Brooks on August 24, 1958, until the filing of this bill there had been no appointment of "a receiver, trustee, administrator or otherwise of the Estate of Calvin E. Brooks * * *."

Immediately after the death of Calvin E. Brooks the widow, Ruby E. Brooks, took possession of all of the property of which Calvin E. Brooks had died seized and possessed, without any authority so to do, and has continued to exercise dominion and control over such properties as if they were her own.

She has operated Brooks Furniture Company and has collected the accounts due that business and paid the debts which were owed on the inventory and has treated the inventory as if it were her own. She has co-mingled the assets of the company with her personal assets. She has retained possession of funds received from the sale by Brooks Furniture Company of goods, wares and merchandise. She has furnished her own rental property with furniture and equipment which were a part of the inventory of Brooks Furniture Company.

She took possession of two automobiles and a truck which had belonged to her husband at the time of his death. She used the truck in connection with her operation of the furniture company and she and members of her family used the automobiles for their personal use.

She took possession of money which belonged to her husband and which was on deposit in a Gadsden bank and has co-mingled it with her own money.

She has collected rentals on the decedent's real properties in an amount approximating $1,000 per month.

Ruby E. Brooks has never rendered an accounting or "reported her acts and doings in connection" with the property of her deceased husband to the complainants. She has told the complainants that they would get none of the property left by their father.

Because of such conduct on the part of Ruby E. Brooks the property left by Calvin E. Brooks "is in imminent danger of depreciation or waste or of dissipation, and by the passage of time the ascertainment of the values of said property, the true amount of personal assets owned by decedent at the time of his death, the location thereof and the recovery of any of such which has been diverted or co-mingled or dissipated by respondent herein will be made difficult, if not impossible * * *."

The bill prayed that a temporary injunction be issued restraining the respondent, Ruby E. Brooks, from conducting the

business known as Brooks Furniture Company and from making disposition of any of the chattels, goods, wares or merchandise located therein and from disposing of, concealing or dissipating any of the personal property which belong to Calvin E. Brooks at the time of his death. The bill further prayed that upon final hearing the injunction be made permanent.

The bill also prayed for the appointment of a receiver to take possession of and to manage and control the assets of which Calvin E. Brooks died seized and possessed, including the business known as Brooks Furniture Company, until there is a final sale and distribution of the assets of the estate of the said Calvin E. Brooks.

On March 5, 1960, the date on which the bill was filed, one of the judges of the Circuit Court of Etowah County made an order to the effect that a hearing on the application for the temporary injunction and for the appointment of a receiver was to be had on March 9, 1960.

Two days later, on March 7, 1960, over the objections of the complainants, an order was entered continuing the hearing from March 9, until April 8, 1960. That order contained this further provision: " * * * and defendant Ruby E. Brooks ordered to make a bond for $50,000.00 executed by a reputable and solvent security bonding company payable to the heirs of Calvin E. Brooks estate and returnable to the Equity Court of the county."

Thereafter, on March 16, 1960, the complainants filed an instrument which they called a "Petition" wherein they referred to the filing of their original bill and the court's order of March 7, 1960, and then averred that "Attorneys for the Respondent made it known to the Court that the bond would be filed immediately but, as of this date, said bond has not been filed and the Respondent is committing further waste in that she has employed unnecessary help at the store and the Complainants are informed and verily believe that the stock of goods, merchandise and furniture is being sold at a below cost figure and that the Respondent is selling, at auction, new furniture, further depleting the merchandise and stock of the Brooks Furniture Company, without any authority to do so." The "Petition" prayed "that some person be appointed to conserve that part of the Estate of Calvin E. Brooks consisting of the stock of goods and the accounts receivable and rents, and the bank accounts of the Brooks Furniture Company, to act on behalf of the Court for the heirs until the date of the hearing of the original Bill of Complaint," and for general relief. The "Petition" was not in the form of an amendment to the bill theretofore filed on March 5, 1960.

The same judge who had continued the hearing on the original bill from March 9th to April 8, 1960, ordered a hearing on the "Petition" to be had on March 19, 1960. Counsel for respondent was served with a copy of the "Petition" and of the day set for the hearing thereon.

Counsel for the parties appeared before the court on March 19, 1960. Those who represented the respondent, Ruby E. Brooks, objected to any action being taken on the bill which was filed on March 5, 1960, in that the respondent had filed a sworn answer denying the averments of the bill and the hearing on that bill, which had been set for April 8, 1960, had not been changed.

However, the court proceeded to render a decree which was based in part, at least, on the averments of the bill filed on March 5, 1960. The decree may have been based, in part, on the averments of the "Petition." Also it may have been based in part on the evidence presented in the will contest case, which had been tried by the same judge. While we cannot be certain from the record before us as to whether the decree was based in part on the "Petition" and on the evidence taken in the will contest case, we are certain that it was not based in any respect on any evidence presented to the court on March 19, 1960, for no evidence was adduced at that time.

The trial court in the decree of March 19, 1960, ordered the issuance of a tempo-

rary injunction temporarily enjoining and restraining the respondent, Ruby E. Brooks, from conducting the business known as Brooks Furniture Company and from making any disposition of any of the goods, wares or merchandise belonging to that business and from disposing of, concealing or dissipating any of the personal property owned by Calvin E. Brooks at the time of his death.

The trial court also appointed a receiver "of the assets, estate and property, real and personal, of Calvin E. Brooks, * * *." The receiver was authorized to take immediate possession of the decedent's personal property and of his real estate. The receiver was authorized to carry on the business known as Brooks Furniture Company.

The respondent, Ruby E. Brooks, has appealed to this court.

We will treat first the assignments of error which challenge the decree of March 19, 1960, in so far as it orders the issuance of a temporary injunction.

As we have indicated, the record shows that when the bill was presented to the judge for fiat he ordered a hearing for March 9, 1960, which hearing was continued until August 8, 1960. But there was no hearing on March 19, 1960, the day on which the temporary injunction was ordered to issue. The trial judge seems to have abandoned the idea of a hearing and to have proceeded to order the temporary injunction to issue on the averments of the sworn bill filed on March 5, 1960. As we indicated, his action may have been based in part on the averments of the "Petition" filed on March 16, 1960, and in part on information which he obtained from trying the will contest case. But the fact remains that there was no "hearing from both sides," or an opportunity to be heard. Berman v. Wreck-A-Pair Bldg. Co., 234 Ala. 293, 175 So. 269, 272.

■ In our opinion, the assignments of error which challenge the decree of March 19, 1960, in so far as it orders the issuance of a temporary injunction present nothing for our review, for an appeal does not lie from an order or decree granting a temporary injunction unless the record shows that the order or decree was made or purported to be made after a hearing as provided by § 1054, Title 7, Code 1940. Berman v. Wreck-A-Pair Bldg. Co., supra; Morris v. Sartain, 224 Ala. 318, 140 So. 373; Lee v. City of Birmingham, 221 Ala. 419, 128 So. 902; Zimmern v. Southern Ry., 206 Ala. 69, 89 So. 171; Dunn v. Ponceler, 235 Ala. 280, 178 So. 47.

■ The appellant's remedy in regard to the temporary injunction was by way of motion to dissolve under the provisions of § 1052, Title 7, Code 1940, and if the ruling was adverse to appeal therefrom as provided by § 757, Title 7, Code 1940.

■ An appeal lies from an order of a judge appointing a receiver. Section 758, Title 7, Code 1940; Hereford v. Hereford, 134 Ala. 321, 32 So. 651. Section 758, Title 7, supra, has been treated by this court as authorizing an appeal when the order appointing the receiver was issued ex parte "by the court." American Armed Services Underwriters, Inc. v. Atlas Ins. Co., 268 Ala. 637, 108 So.2d 687, 693.

The decree here appealed from was not rendered without notice to Mrs. Ruby E. Brooks, the respondent, but it was rendered without affording her a hearing after she was given notice that a hearing would be had and without any consideration of her sworn answer denying the material averments of the bill. See Henry v. Ide, 209 Ala. 367, 96 So. 698.

■ The practice and procedure for the appointment of receivers is set out in Chapter 34, Title 7, § 1156 et seq., Code 1940. Ordinarily, when an application for the appointment of a receiver is made, there should be notice to the respondent before a hearing. However, upon a showing of good cause, a receiver may be appointed without notice and hearing. American Armed Services Underwriters, Inc. v. Atlas Ins. Co., supra.

In this case the judge to whom the bill was presented evidently did not consider those averments as justifying the appointment of a receiver ex parte, without notice and hearing. As shown above, he required notice and set a day for the hearing and he later entered an order continuing the hearing.

Pending the hearing and after the respondent had filed her sworn answer, he rendered the decree here under review, as we have shown above, without considering the sworn answer and without permitting the introduction of evidence.

Perhaps the "Petition" filed on March 16, 1960, caused the judge to proceed in this manner.

■ But the averments of the "Petition" should not have been considered, for its allegations are sworn to by two of the complainants as "true and correct according to their best information, knowledge and belief." The verification was in substance the same as those condemned by this court in the cases of Globe Iron Roofing & Corrugating Co. v. Thatcher, 87 Ala. 458, 6 So. 366; Dennis v. Coker's Adm'r, 34 Ala. 611; Burgess & Co. v. Martin, 111 Ala. 656, 20 So. 506; Pollard v. Southern Fertilizer Co., 122 Ala. 409, 25 So. 169; Petchey v. Allendale Land Co., 216 Ala. 167, 112 So. 818; Fowler v. Johnson, 235 Ala. 524, 180 So. 312.

■ We are of the opinion that the decree here under review in so far as it appointed a receiver was erroneously entered, in view of the fact that it was made pending the date set for a hearing and after the respondent had filed her sworn answer without any consideration being given to the denials of that answer or an opportunity to the respondent to present her evidence.

The decree of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.