167 So.2d 169

Gretchen FOREMAN

v.

CITY OF ANNISTON.

7 Div. 558.

Supreme Court of Alabama.

Feb. 6, 1964.

Rehearing Denied Sept. 10, 1964.

Burnham & Klinefelter and Robt. C. Dillon, Anniston, for appellant.

Emerson & Watson, Anniston, for appellee.

PER CURIAM.

The verification of the claim filed with the city is sufficient. City of Anniston v. Rosser, 275 Ala. 659, 158 So.2d 99.

The court erred in sustaining objection to introduction of the claim in evidence.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, MERRILL, and HARWOOD, JJ., concur.

LAWSON, GOODWYN, and COLEMAN, JJ., dissent.

COLEMAN, Justice (dissenting):

The single assignment of error is that the court erred in sustaining objection to introduction in evidence of the sworn statement of claim filed by plaintiff with the city clerk as required by § 504, Title 37, Code 1940.

The objection urged by defendant is that the verification of the claim is insufficient in that the verification is made merely to the best of affiant's knowledge, information, and belief.

The reason why such an attempted verification is no verification at all is clearly stated in Burgess & Company v. Martin, 111 Ala. 656, 20 So. 506. This rule, without exception, so far as I am advised, has been followed by this court for more than a century in an unbroken line of decisions. Pickle's Adm'r v. Ezzell, 27 Ala. 623; Dennis v. Coker's Adm'r, 34 Ala. 611; Globe Iron Roofing and Corrugating Co. v. Thatcher, 87 Ala. 458, 6 So. 366; Florence Building & Investment Ass'n v. Schall, 107 Ala. 531, 18 So. 108; Pollard, Assignee, v. Southern Fertilizer Company, 122 Ala. 409, 25 So. 169; Smothers v. Meridian Fertilizer Factory, 137 Ala. 166, 33 So. 898; Ellis v. Drake, 203 Ala. 457, 83 So. 281; Johnson v. Stocks, 207 Ala. 345, 92 So. 457; Petchey v. Allendale Land Co., 216 Ala. 167, 112 So. 818; Fowler v.

Johnson, 235 Ala. 524, 180 So. 312; Brooks v. Everett, 271 Ala. 380, 124 So.2d 100.

The legislature. has declared that "a sworn statement" shall be filed with the clerk. § 504, Title 37, Code 1940. As I understand the majority holding in the instant case, this court now declares that a statement, which this court has heretofore uniformly held not to be a sworn statement, is sufficient.

Being of the view that the instant verification is insufficient under the rule previously adhered to by this court, I dissent.

LAWSON and GOODWYN, JJ., concur.