# Tabor *v.* Lorance.

*Appeal from Order setting aside Decree for Sale of Land, &c.*

1. *Appeal; what such final decree as will support.*—A decree in chancery, setting aside a decree of sale of land, and a confirmation of the sale, on petition of a minor interested adversely to the complainant therein, on the ground that the court had not obtained jurisdiction over her, and letting her in to defend, is such a final decree as will support an appeal.

2. *Same.*—An appeal lying to revise such action of the court, *mandamus* will not lie to compel the chancellor to vacate and set aside such order.

3. *Decree; presumptions in support of, on collateral attack.*—Where the record of the appointment of a guardian *ad litem* recites that, "it appearing that the defendant," H. L. "is under the age of fourteen years," residing, &c., it will be presumed, in any other than a direct attack on appeal, that these facts were proved, although no affidavit or other proof appears in the record. Such recitals, coupled with the appointment of a guardian *ad litem*, who accepted and filed an answer for the minor, give the court jurisdiction; and its decree, although it may be erroneous, can be avoided only by direct attack on appeal.

4. *Sections 3397, 3398 and 3400 of Revised Code; to what apply.*—Sections 3397, 3398 and 3400 of the Revised Code apply only to decrees against non-resident defendants upon whom personal service has not been made, but who are made defendants by publication, and against whom decrees *pro confesso* have been regularly taken; as to these, eighteen months must elapse before the decrees are final and conclusive. They have no application to the case of a resident infant, against whom a decree *pro confesso* cannot be taken.


APPEAL from Chancery Court of Lawrence.
Heard before Hon. R. S. WATKINS.

MOTION by the appellee to dismiss the appeal, on the ground that the record shows no final decree revisable by appeal; and counter motion by appellant, if appellee's mo-

[Tabor *v.* Lorance.]

tion should prevail, for a *mandamus* to the chancellor to vacate and set aside the decree appealed from.

BEIRNE, HUMES & GORDON, for appellant.

O'NEAL & O'NEAL, *contra.*

MANNING, J.—This cause arises out of a petition of appellee, filed February 10th, 1873, to set aside as void a decree of the court, and sale of land under it, made in the years 1866, 1867, on the ground that there was no such service of process as gave the court jurisdiction of petitioner, and out of the order of the court thereupon setting aside and vacating said decree, and admitting the petitioner to appear and make defense in the original cause.

This court is of opinion, that when the order was made, the office of the petition was fully performed, and the order such a final decree in the cause instituted by the petition, as could properly be brought under review in this court, by appeal. See *Bruce's Executrix* v. *Strickland's Administrator*, 47 Ala. 192. The motion of appellee to dismiss the appeal is, therefore, overruled and denied.

And the motion of appellant for a *mandamus*, as the alternative of the appeal in case it should be dismissed, is refused, on the ground that the proper remedy is by appeal.

It is quite probable that there were errors in the rendering of the original decree of sale, and in the proceedings anterior to the decree, which would have been just grounds for its reversal, if there had been an appeal within the time prescribed by law, that would have brought them before this court for correction. But, unless the defects were such as hindered the court below from having jurisdiction, and the decree of which petitioner complains was absolutely void, and not voidable for error only, they are beyond remedy in this cause. This is settled by numerous decisions of this and other courts.

The original bill was filed by appellant, Tabor, as a judgment and execution creditor, claiming a lien upon land as the property of his debtor, the father of petitioner; and it shows that, by virtue of acts of his, some of the other defendants were supposed to have an interest adverse to complainant's lien, and some others to have a naked legal title which ought to have been conveyed to the debtor; and the bill prayed that these obstructions to his rights be removed, by a decree of the court ordering that the land be sold under its direc-

tion, so as to vest in the purchaser a good title against all of the defendants, and that the proceeds be applied to the payment of the complainant's judgment. A decree and sale were made accordingly, for the purpose of paying the judgment; and complainant having become the purchaser of the land, the sale to him was confirmed by the court in 1867.

There was no service of process on petitioner, who was the daughter and heir of the judgment debtor. It was alleged in the bill that she was under the age of fourteen years, and resided with her grandmother, whose interest was adverse to that of the infant. The suit being against the administrator of her father, showed that he was dead; and her grandmother was a co-defendant, and served with process in the cause. The recital in the record, "it appearing that the defendant, Harriet Lorance, is under the age of fourteen years, residing with her grandmother, who is of adverse interest," must be understood as affirming that these facts were proved to the court, although no affidavit thereof is now found in the record; and the appointment thereupon of Horatio O. Pettus as guardian *ad litem* for her, and his acceptance in writing of that office, and filing of answer for her, show that the chancellor took charge, as was his duty, of the interest of the infant. According to the decision of this court in *Preston* v. *Dunn*, 25 Ala. 507, this gave the court jurisdiction, so as to prevent its decree from being void, even if there was error for which the decree would have been reversed on appeal. See, also, *Gannard* v. *Eslava*, 20 Ala. 732.

It is insisted that this petition is authorized under sections 3397, 3398, 3400 and 3403 of the Revised Code. These enactments relate entirely to decrees against non-resident defendants, or defendants not shown to be within the jurisdiction, or accessible to the process of the court in which the suits against them are brought, who have not been otherwise notified of proceedings against them than by publication, and against whom, they not appearing, decrees *pro confesso* have been taken. As the court cannot know that such defendants, or any persons authorized to represent them, have ever in fact heard of the suits referred to in the published notices thereof, the law will not allow the decrees therein to become "absolute," so that execution may be had of them, until eighteen months have elapsed after their rendition. During that period, by statutory provision, the decrees are kept within the power of, and subject to revision and revocation by, the court which rendered them, upon petition, filed within that time, on behalf of the defendants, for re-

35

[*Ex parte* Trice.]

hearing, and cause shown to have the decrees set aside.

These enactments are intended specially for the protection of defendants so situated, who are, or are supposed to be, beyond the jurisdiction of the court, and who are sought to be made parties by publication only; and have no application to the case of a resident infant, against whom a decree *pro confesso* cannot at all be taken, whether there has been personal service of process or not on such infant. For not being *sui juris*, the guardian appointed for him by the chancellor appears for, and defends the interest of such defendant, under the eye of the court, which is also his guardian.

Although error may be committed in the appointment of a guardian *ad litem* irregularly made, or in other respects, it cannot be held that the decree of the court in such a case is void for want of jurisdiction, instead of being voidable only, or that it can be set aside at a subsequent term, by the court which rendered it.

The order appealed from is here reversed, and this court orders a dismissal of the petition on which it was founded.