# O'Neal v. Simonton.

*Action of Forcible Entry and Unlawful Detainer.*

1. *Review on appeal; abstract of transcript.*—This court, under its rules, tries a cause on the abstract of the transcript, and will make no examination of the transcript, unless the appellee questions the correctness thereof by a printed counter abstract filed at the time of the submission of the cause, with appropriate references to the transcript by pages, showing wherein appellant's statement is incor-

rect or insufficient; in which case, and in no other, will the court verify the statements by reference to the transcript.

APPEAL from the Circuit Court of Henry.
Tried before the Hon. J. M. CARMICHAEL.

ESPY & FARMER, and H. L. MARTIN, for appellant.

A. E. PACE, *contra*.

HARALSON, J.—This was an action of forcible entry and unlawful detainer, instituted on the 19th May, 1894, by the appellee, Simonton, in a justice's court, against the appellant, O'Neal, for the recovery of the possession of a tract of land, fully described in the complaint. The abstract, on which we are asked to review the case, states: "Said cause was tried in the justice court, on the 15th June, 1894, and judgment was rendered for the plaintiff, and from said judgment, on the said day, appellant appealed said cause to the Circuit Court, and at the Spring term of said court, 1895, a trial was had in said cause, and the jury found in favor of appellee, and the court thereupon rendered a judgment in favor of appellee and against the appellant. The appellant assigns the following as errors: 1st. The court erred in rendering judgment for appellee; 2nd, judgment entry is in improper words." No bill of exceptions appears in the abstract, nor is the judgment set out; but, the foregoing is all that appears in the abstract. We have nothing to review, and the judgment must be affirmed.

It may be proper to add that this court, under its rules, tries a cause on the abstract of the transcript, and will make no examination of the transcript, unless the appellee questions the correctness thereof by a printed counter abstract filed at the time of the submission of the cause, with appropriate references to the transcript by pages, showing wherein appellant's statement is incorrect or insufficient, in which case, and in no other, will the court verify the statements by reference to the transcript. Without a counter abstract the transcript will not be inspected or referred to, after the submission of the cause. We are led to make these observations, that the practice may be the better and more generally

understood, though the rule seems to be so explicit as not to be susceptible of misunderstanding. It sometimes happens that parties preparing their abstracts and counter abstracts, without setting out matter material to be considered, and acting under the apparent supposition that the court will try the case on the transcript, or examine it in aid of the abstract or counter abstract, refer the court to the transcript by pages, where it may be found. But this can not be done. In either case, the material matter should be concisely set out, fully enough for an intelligent understanding of it. Again, we have found instances where parties in their briefs quote passages from the transcript, not found in the abstracts. These cannot be considered, but will be rejected, as having no bearing on the case.

Affirmed.