# Burgess & Co. v. Martin.

*Bill in Equity for Discovery and appointment of a Receiver.*

1. *Appeal; decree on demurrer can not be reviewed in the absence of a demurrer.*—Where on appeal from a decree sustaining a demurrer, the specifications of the demurrer are not shown, the action of the court in sustaining the demurrer can not be reviewed.

2. *Bill for discovery and appointment of a receiver; insufficient verification.*—The verification of a bill in chancery, praying a discovery and the appointment of a receiver, by the complainant, as being true to the best of his (complainant's) knowledge, information and belief, in insufficient.

APPEAL from the Chancery Court of Pickens.

Heard before the Hon. W. H. TAYLOE.

The bill in this case was filed by the appellants against the appellee, J. K. P. Martin, as surviving partner of the firm of A. J. & J. K. P. Martin, and prayed for a discovery of the assets of said firm, for the appointment of a receiver to take charge thereof, and to subject certain notes, accounts and choses in action to the payment of complainants' claim. The appeal is taken from a decree of the chancellor overruling certain demurrers and sustaining others, and in discharging the receiver. The other facts of the case are sufficiently stated in the opinion.

DANIEL COLLIER and NESMITH & NESMITH, for appellants.

JOHNSON & CURRY and E. D. WILLETT, *contra*.

McCLELLAN, J.—The abstract shows that there was a submission to the chancellor "upon demurrer, and other pleadings, and the testimony as condensed above," and that subsequently the chancellor rendered a decree "overruling demurrers 1, 2, 3, and 10, and sustaining those from 4 to 9, inclusive ; and sustaining the appeal [from the register's order appointing a receiver] and discharging the receiver." The abstract nowhere and in

[Burgess & Co. v. Martin.]

no way informs us what specifications of demurrer were set forth in assignments of demurrer "from 4 to 9 inclusive;" and we are, therefore, unable to review the decree sustaining said assignments.—*O'Neil v. Simonton*, 109 Ala. 369.

It is shown, however, that one ground of demurrer was that the bill, which sought discovery, appointment of receiver &c. &c., was not properly verified. We are not advised whether this assignment was among those numbered from 4 to 9, nor what the action of the court was upon it. But we deem it not improper to say that this objection to the bill is well taken. The allegations of the bill are sworn to by a person named "as true to the best of his knowledge, information and belief." This, upon the construction most favorable to complainants, means that the affiant has knowledge that some of the averments of the bill are true, that while he does not know he has been informed and believes that others of the averments are true and that, as to yet other averments, he has neither knowledge nor information, but, without knowing the facts or ever having been informed of their truth, he believes them to be true; and whether any particular allegation of the bill is within one or the other of these three categories is wholly uncertain and unascertainable from this verification. But to construe the affidavit according to the general rule, most unfavorable to the party relying upon it, there is no room for affirmatively saying that it means anything more than the affiant *believes* the allegations of the bill to be true, though he has neither knowledge nor information of their their truth.—*Pickle's Adm'r. v. Ezzell*, 27 Ala. 623; *Dennis v. Coker*, 34 Ala. 611; *Globe Iron Roofing & Corrugating Co. v. Thacher*, 87 Ala. 458.

As said by counsel for appellant, it is quite true that it is frequently necessary, especially in bills for discovery, as this one is, to aver facts "upon information and belief." This is not to say, however, that an averment upon either information *or* belief would be good. The form of the averment is that complainant has been informed and believes and upon such information and belief charges the fact to be &c. &c., and whether the allegations intended to be verified are made positively or upon information and belief, an affidavit of belief in their truth simply amounts to nothing. When the

42

averment is positive the verification, should be so. When it is upon information and belief, the verification should embrace both the facts that the affiant has been informed and believes them to be true, either in terms or by affirming positively that the facts alleged in the bill are true *as therein stated*.

The present bill not being verified, we do not think it affords any evidence to be looked to in reviewing the action of the chancellor whereby the appeal of respondent from the register's order appointing a receiver was sustained and the receiver discharged; and considering only the affidavits *pro* and *con* of witnesses filed on the hearing of that appeal, the court is of the opinion that they do not sustain the averments of the bill nor show facts justifying the appointment of a receiver. The decree of the chancellor discharging the receiver is therefore affirmed.

Affirmed.