# The Smith-Dimmick Lumber Co. v. Teague, Barnett & Co.

|119   385|
|124   629|

*Bill in Equity by Contract Creditors of an Insolvent Corporation for a Receiver.*

1. *Appointment of receiver; verification of bill.*—The appointment of a receiver of an insolvent corporation made by the register, without notice, upon a creditor's bill verified to the best of affiant's knowledge, information, and belief, and supported by affidavits presenting only the fact of the debtor's insolvency, should be set aside and annulled on appeal to the chancellor.

2. *Grounds for relief must be clearly presented.*—It is no part of the duty of the court to frame the pleadings of litigants. Parties complainant should present clearly the grounds relied upon for relief. and in such way as to inform the respondents clearly of the issues intended to be presented.

3. *General assignment; bill averring several independent transfers of property, insufficient.*—A bill reciting several transfers

25

[The Smith-Dimmick Lumber Co. v. Teague, Barnett & Co.]

mortgages, and sales of its property by an insolvent corporation to several named persons, but showing that these transactions were independent of each other, and were not parts of a general and singular purpose to dispose of substantially all of its property by way of preference to certain creditors, is wholly defective and insufficient as a bill to have these transactions or any of them declared a general assignment for the benefit of all the creditors.

4. *Averments of fraud, when insufficient.*—If fraud in a debtor's dealings with his property is relied on, the facts constituting the fraud, must be distinctly averred, and not charged as a mere conclusion; a bill averring that certain transfers and mortgages made by an insolvent corporation, are void, not as being fraudulent, but because of an indefinite description of the property, and failure to separate and distinguish it from other similar property of which it constituted an undistinguishable part, and also averring an attempted sale of a large part of its property to a purchaser in Florida, and a purpose to remove it beyond the reach of creditors in this state, is insufficient in its averments of facts to show fraud.

5. *Grantees of the debtor must be parties to a creditor's bill.*—The grantees of the property of an insolvent debtor must be made parties to a creditor's bill to have such property administered through a receiver in equity; they are entitled to their day in court, and cannot be divested of any title or interest without a hearing, upon the mere *ex parte* averments of a creditor of their grantor.

6. *Insolvency of corporation no ground of chancery jurisdiction to administer its assets.*—The rule in this State, adopted after much consideration, is, that a court of chancery will not take charge of and administer through a receiver the assets of an insolvent corporation, which has ceased to be a going concern, at the suit of its creditors, in the absence of some recognized principle of equity jurisdiction.

7. *Removal of property from state; attachment; not ground for aid of court of equity, &c.*—When a debtor is about to remove his property out of the state, so that the plaintiff will probably lose his debt or have to sue for it in another state, the creditor is authorized by statute to sue out an attachment, but the contemplated act of the debtor alone does not entitle the creditor to the aid of a court of equity, or the appointment of a receiver.

APPEAL from Dale Chancery Court.

Tried before Hon. JERE N. WILLIAMS.

The averments of the bill are sufficiently stated in the opinion. The respondents demurred upon the following grounds: (3). It appears in and by the allegations

[The Smith-Dimmick Lumber Co. v. Teague, Barnett & Co.]

of said bill that the several complainants are each simple contract creditors of this defendant and have no lien upon the property, or any of the property sought to be subject to the payment of their debts. (4). It appears in and by the allegations of said bill of complaint that the said complainants have never reduced their claims to judgment,—and it does not appear by any allegations of said bill that the said complainants have any contract lien upon the property of this defendant, or that this defendant has done any act which gives to the said complainant the right to acquire a lien by filing a bill in equity against its property or any portion thereof. (5). It is not shown in and by the allegations of said bill that the property which it is alleged that this defendant has recently made or attempted to make an incumbrance upon, is substantially all of the property of the defendant. (6). It does not appear in and by the allegations of the bill, but that the incumbrances which it is alleged defendant has recently made or attempted to make upon its timber and logs, was made to secure a debt created at the time the said incumbrances were made. (7). It is not shown in and by the allegations of said bill that the said defendant has fraudulently conveyed or attempted to fraudulently convey its property or any part thereof. (2). Mere allegations of the insolvency of the respondent corporation are not sufficient to show that a trust for the benefit of its creditors has come into being which is cognizable in a court of equity. (3). It does not appear by the allegations of said bill as amended but that the preferences to certain creditors therein named were lawful and proper. (4). It is shown in and by the allegations of said bill as amended that no trust for the benefit of all creditors of defendant has been created by act of this defendant or in law, and it appears that the preferences of certain creditors named therein were legal and proper. (9). The allegations of said bill show that if complainants have any remedies against the transfers or liens therein specified, it is by attachments in a court of law.

TOMPKINS & TROY, for appellants.—The original bill was entitled to no consideration in support of the appointment of the receiver, because not sufficiently verified.—*Burgess v. Martin*, 111 Ala. 656; *Pickle v. Ezzell*,

27 Ala. 623; *Dennis v. Coker,* 34 Ala. 611; *Globe Roofing Co. v. Thacher,* 87 Ala. 458. Put the most favorable construction possible upon the facts set out in the affidavits that can be indulged in favor of appellees, and all that can be deduced or inferred from them is, that appellant was, at the time of the filing of the bill, an insolvent corporation. It is too clear for argument that this fact does not give a court of equity jurisdiction to administer upon appellant's estate at the suit of creditors without a lien.—*O'Bear Jewelry Co. v. Volfer,* 106 Ala. 205; *Hollins v. Brierfield C. & I. Co.,* 150 U. S. 371, 381-6; *Hooper v. Nortwestern Mfg. Co.,* 31 Am. St. R., 174. The allegations that appellant had fraudulently disposed of its assets without alleging facts from which the law would deduce a fraudulent disposition, cannot be considered in determining the equity of a bill. *Jones v. Massey,* 79 Ala. 370; *Louchein v. First Nat. Bank,* 98 Ala. 521; *Curran v. Olmstead,* 101 Ala. 692. It is alleged in the alternative, that appellant had incumbered or attempted to incumber its timber and logs; we must, under the well known rule that pleadings must be construed most strongly against the pleader, treat the averment as one that an attempt to incumber had been made, but not consummated; and that, too, to secure debts created at the time the incumbrances were attempted.—*Burgess v. Martin,* 111 Ala. 656, *Jones v. Latham,* 70 Ala. 164; *Underhill v. Mobile Fire Dept.,* 67 Ala. 45; *Bercy v. Lauretta,* 63 Ala. 374. The bill is not filed for the purpose of having the several conveyances declared a general assignment. If so, the several grantees would be necessary parties.—*McMaken v. McMaken,* 18 Ala. 576; *Wagner v. Brinkerhoff,* in MSS.; 3 Brick. Dig. p. 373, sec. 98. To justify the union of a number of partial assignments to make one general assignment, when the one was made, the others must have been contemplated, and all must have conveyed substantially all the debtor's property and to secure pre-existing debts. *Stetson v. Miller,* 36 Ala. 642; *Longmire v. Goode,* 38 Ala. 577; 3 Brick. Dig. p. 50, sec. 19; *Strickland v. Gay,* 104 Ala. 375; *Holt v. Bancroft,* 30 Ala. 193; *Perry Ins. Co. v. Foster,* 58 Ala. 502, 521; *Danner v. Brewer,* 69 Ala. 191, 200. The well settled principle of equity jurisdiction, that a creditor cannot come into equity to enforce a legal demand until he has exhausted his remedy

[The Smith-Dimmick Lumber Co. v. Teague, Barnett & Co.]

at law, is the law of Alabama, except where the stat-
ute has changed it, and it has changed it only in two re-
spects:    (1). Where property has been fraudulently
conveyed; and (2) where there are equitable assets to
be condemned.

SOLLIE & KIRKLAND, *contra.*—The doctrine is recog-
nized in this court that a director, after insolvency, can-
not secure to himself a preference over other creditors
of the corporation, and this applies to an effort on the
part of an indorser to secure himself against loss as
indorser.    This rule is independent of the trust fund
doctrine.—*Corey v. Wadsworth,* 99 Ala. 68; *Barnett &
Co. v. Pollak & Co.,* 108 Ala. 390.    The averment that
appellant was about to remove the larger part of its as-
sets out of the state into Florida, where they would
have been beyond the reach of appellee and was arrang-
ing to sell them for cash, &c., was, of itself, such an aver-
ment of fraud as gave the court of equity a right to in-
tervene by receiver.    A mere concurrent remedy by at-
tachment at law does not oust equity of its jurisdiction
when the statute does not so provide.—*Waldron, Isley
& Co. v. Simmons,* 28 Ala. 629; *Westmoreland v. Trous-
dale,* 60 Ala. 455.    In both the original and amended
bill appellees, as simple contract creditors, allege fraud-
ulent disposition of appellant's property by it, and seek
in a general creditors' bill to have a court of chancery
take charge of its assets by receiver and apply them to
the payment of its debts.—*Hall & Farley v. Henderson,*
114 Ala. 601; *Allen v. M. & R. R.,* 11 Ala. 437; *Sheerer
v. Agee,* 113 Ala. 383.

COLEMAN, J.—Appellees, contract creditors with-
out a lien, file the present bill in their own behalf and
in behalf of other creditors who might join, against ap-
pellant, a corporation averred to be insolvent, and
which had ceased to be a going concern, and prayed for
the appointment of a receiver and a sale of its assets to
satisfy the claims of complainants.    The register, with-
out notice to respondent, appointed a receiver.    From
the order appointing a receiver, the respondent ap-
pealed to the chancellor, and demurred to the bill and
moved to dismiss the same for want of equity.    Before
the day of hearing, the complainants amended their bill,

and respondent renewed its demurrer and motion to dismiss for want of equity, and assigned grounds of demurrer. At the hearing the chancellor affirmed the appointment of the receiver made by the register, and overruled the demurrer and motion to dismiss the bill. Respondent now appeals to this court, and the order and decree of the chancellor are assigned as error.

It has been decided that the hearing before the chancellor on the appeal from the order of the register appointing a receiver, was *de novo*, and we hold that the bill as amended, and the affidavits filed, were properly considered on the question presented by the appeal.— *Heard v. Murray, Dibbrell & Co.*, 93 Ala. 127; *Etowah Mining Co. v. Wills Valley Mining & Mfg. Co.*, 106 Ala. 492. It is insisted by appellant, that conceding the sufficiency of the averments of the bill to authorize the appointment of a receiver, they were not sufficiently verified; and further, that the facts stated did not authorize the appointment of a receiver without notice to respondent. Upon examination of the record it appears that there is no verification of the amendment to the bill as such, and that the affidavits filed, related to the extent of the indebtedness of the respondent, on the question of its solvency or insolvency. In the case of *Burgess & Co. v. Martin*, 111 Ala. 656, the bill prayed for the appointment of a receiver. The averments of the bill were sworn to "as being true to the best of his (affiant's) knowledge, information and belief." The jurat to the original bill in the case at bar is in the same form precisely. Considering the affidavit in the case cited (111 Ala. *supra*) we used the following language: "But to construe the affidavit according to the general rule, most unfavorable to the party relying upon it, there is no room for affirmatively saying that it means anything more than the affiant *believes* the allegations of the bill to be true, though he has neither knowledge nor information of their truth." We have then the case of the appointment of a receiver, without notice, upon the single verified fact of the insolvency of the debtor. The appeal should have been sustained.—*Burgess v. Martin, supra; Moritz & Weil v. Miller, Schram & Co.*, 87 Ala. 331; *Thompson v. Tower Mfg. Co., Ib.* 733.

The bill of complaint is vague and indefinite. In the last paragraph the pleader uses the following language:

[The Smith-Dimmick Lumber Co. v. Teague, Barnett & Co.]

"That in so far as the allegations of this amendment are consistent with those contained in the original bill, the amendment and the original bill may be held and considered by the court together; that wherein the allegations of the amendment are antagonistic or inconsistent with those of the original bill, the averments of that amendment *may be* substituted for those of the original bill." It is no part of the duty of the court to frame the pleadings of litigants. Parties complainant should present clearly the grounds relied upon for relief, and in such way as to inform the respondents clearly of the issues intended to be presented.

The original and amended bill recites several transactions of transfers, mortgages and sales of its property by the respondent to several named parties, but it distinctly avers that these transactions were independent of each other, and were not parts of a general and single purpose to dispose of substantially all of its property by way of preference to certain creditors. It avers also an attempted sale of a large proportion of its property to a purchaser in Florida, and a purpose to remove the same to that state, beyond the reach of its creditors in this state. It avers further that these tranfers and mortgages are void, not as being fraudulent, but because of an indefinite description of the property, and failure to separate and distinguish it from other similar property of which that attempted to be transferred and mortgaged constituted an undivided and undistinguishable part. Whether that attempted to be sold to the purchaser from the State of Florida included any part of that attempted to be transferred and mortgaged, is not shown. As a bill to have these several transactions or any of them declared and held a general assignment for the benefit of creditors, if such be its purpose, it is wholly defective and insufficient. On the other hand, if the pleader intended to have these several transactions recited in the bill declared fraudulent and void, as to complainants, not only are the averments of facts insufficient to show fraud, but there is no prayer to that effect, unless we consider the prayer for general relief to include such relief. None of the parties with whom the several recited transactions are averred to have been made, are made respondents to the bill. They are entitled to their day in court, and cannot be di-

vested of any right or interest without a hearing, upon the mere *ex parte* averments of a creditor of their grantor.

As the bill does not charge that these transactions were fraudulent, and does not pray for their cancellation, and as neither the grantees nor vendees are made parties respondent, and no relief asked as to them, the equity of the bill rests upon the proposition that a simple contract creditor of an insolvent corporation, which has ceased to be a going concern, without a lien, has the right to have the court of equity administer through a receiver the assets of the corporation for the benefit of all the creditors. This is the law in many states, and there is much force in the reasons upon which the principle rests, but in this state the rule is otherwise, adopted after much consideration. The law is that a court of chancery will not take charge of and administer the assets of an insolvent corporation at the suit of its creditors, in the absence of some recognized principle of equity jurisdiction.—*O'Bear Jewelry Co. v. Volfer,* 106 Ala. 205; *Barrett & Co. v. Pollak Co.,* 108 Ala. 390. We are not aware of any case, in which it was held that the mere "improvidence" of a debtor furnishes the right to the aid of a court of equity; and if fraud be relied upon, the facts constituting the fraud, must be distinctly averred, and not charged as a mere conclusion.

When a debtor is about to remove his property out of the state, so that the plaintiff will probably lose his debt or have to sue for it in another state, the creditor is authorized by statute to sue out an attachment, but the contemplated act of the debtor alone does not entitle the creditor to the aid of a court of equity, or the appointment of a receiver. We have not overlooked the statement in the amendment to the bill, that J. W. Dimmick was the president of the insolvent corporation, and exercised a controlling influence in its management; that he was liable as endorser to the First National Bank of Montgomery, and also to the Bank of Brewton, and that after such liability accrued, and after the said corporation became insolvent and ceased to do business as a going concern, a condition known to Dimmick and said banks, in order to prefer the said Dimmick and to secure him from all loss by reason of his said endorsement, he procured the execution of two several mort-

gages to the said several banks, respectively. It may be that if these statements had been followed up with other proper averments, complainants' bill would come within the principle declared in the following decisions, and which did not arise and was not considered in the *O'Bear Jewelry Co.* case, *supra; Corey v. Wadsworth,* 99 Ala. 68; *Goodyear Rubber Co. v. Scott,* 96 Ala. 439; *Mary Lee Coal & Railway Co. v. Knox,* 110 Ala. 632, 637. The complainants nowhere seek relief from these mortgages, on the ground of such preference or purpose to secure and indemnify the said Dimmick. It does not make either of the banks or the said Dimmick parties respondent. It avers that these mortgages are void for the reason that property conveyed "are parts and parcels of large lots of sawn timber and saw logs, all together in one lot, and that sought to be conveyed being only a small portion of the entire lot in each case;" that the whole was a bulk, bearing the same marks, etc. We cannot determine from anything in the bill whether complainants propose to have the property conveyed by these mortgages, sold as assets of the corporation or not. The bill was subject to demurrer, and the demurrer should have been sustained. On a motion to dismiss a bill for want of equity, all amendable defects should be considered as made.

The decree of the chancery court must be reversed and annulled, and a decree rendered which should have been rendered by the chancery court. It is ordered and decreed, that the appointment of a receiver be set aside and annulled, and said receiver is required to file his accounts and vouchers for a settlement of his receivership within thirty days from the date of this decree. It is further ordered and decreed that the demurrer to the bill be and the same is sustained. It is further ordered and decreed that the motion to dismiss the bill for want of equity be sustained, but that complainants have sixty days from this date to amend their bill, as they may be advised; failing in this the chancery court must proceed to dismiss the bill, unless for good cause shown the time for amendment be extended.

Reversed, rendered and remanded.