[Schilcer v. Brock & Spight.]

# Schilcer *v.* Brock & Spight.

*Motion for Appointment of Receiver.*

1. *Receiver; notice for application for; when void.*—Where a bill of complaint is brought to the chancery court, and within a few days thereafter and before answer filed, the complainant causes notice to be served on the respondent that at a certain time and place, or "at such other time thereafter as the chancellor may fix," he will make application to the chancellor for a receiver, such notice is without effect if served on the respondent after the hour named therein—the additional words being of no avail.

2. *Verification of bill; what must be to have receiver appointed on.*—When application is made without notice for the appointment of a receiver on the allegation and verification of the bill of complaint without other evidence, these must be clearly stated. When the averment is positive the verification should be so, when it is on information and belief the verification should embrace both the facts that the affiant has been informed of the statements made in the bill, and that he believes them to be true, either in terms or by affirming positively that the facts alleged in the bill are true as therein stated. Hence a verification that the matters and things alleged in the foregoing bill as facts are true and those alleged on information and belief he believes to be true is fatally defective—the bill showing that the facts are alleged on information and belief.

APPEAL from Morgan Chancery Court.

Heard before Hon. WM. H. SIMPSON.

Brock & Spight applied to the chancellor for the appointment of a receiver on a bill which they had filed against F. M. Schilcer and C. E. Sittason, praying that a certain conveyance executed by Sittason to Schilcer and the property therein embraced be declared to inure to the benefit of all the creditors of Sittason.

The facts are fully stated in the opinion. From the decree appointing a receiver this appeal was taken.

[Schilcer v. Brock & Spight.]

E. W. GODBEY, for appellant.—The averments of the bill did not justify the appointment of a receiver.—*Jones v. McPhillips,* 77 Ala. 322; *Briarfield &c. v. Foster,* 54 Ala. 637. (2). The affidavits are wholly defective, in that thy show no information whatever that the facts stated were true.—*Burgess v. Martin,* 111 Ala. 656; *Pollard v. Southern &c.,* 25 So. Rep. 169; *Moritz v. Miller,* 87 Ala. 333. (3). The notice not sufficient.—*Smith v. Teague,* 24 So. Rep. 9:

HARRIS & EYSTER, *contra.*—This was a case for the appointment of a receiver without notice.—*Heard v. Murray, Dilrell & Co.,* 93 Ala. 127; *Weis v. Weil,* 72 Ala. 259; *Freider v. Leinkauff,* 92 Ala. 469; *Bank of Florence v. U. S. Saving & Loan Co.,* 104 Ala. 297; *Ex parte Walker,* 25 Ala. 81.

TYSON, J.—This appeal is prosecuted from an order appointing a receiver. The order making the appointment was made by the chancellor in vacation, before answer, and within a few days after the filing of the bill in the cause. The record contains no application in writing for the appointment, but from the recitals in the decree made by the chancellor, it appears that it was made upon the averments in the bill. The notice issued purports to have been filed in the cause on the 25th day of May, 1899, and addressed to this appellant and the other respondent to the bill of complaint, recites that he "will take notice that the complainants will make application to Hon. Wm. H. Simpson, Chancellor, at the Court House in the town of Decatur at 9 o'clock A. M. on Saturday, the 27th day of May, 1899, or at such other time thereafter as the chancellor may fix, etc" The return of the sheriff shows this notice was served upon the appellant at 10:45 o'clock in the morning of the 27th day of May, 1899, one hour and forty-five minutes after the hour fixed in the notice for the hearing of the application. The recital "at such other time thereafter as the chancellor may fix, etc.," cannot affect the question here presented. One of the essential elements of all legal notices of this kind, is definiteness as to time. If the notice only contained the above quoted words, it

would certainly be void for uncertainty in this respect. Indeed the statute (section 799 of the Code) prescribes that "when the application is made in vacation,*reasonable notice of the time* of such application and the person to whom it will be submitted must be given or good reason shown to the chancellor or register for the failure to give the same." So then, so far as the question under consideration is concerned, the efficacy of the notice must stand or fall, upon the determination of the legal effect of its service after the time fixed in it, had passed. It is clear that it did not have the effect of notice of the application and that the order of appointment must be tested by the rules of law governing the appointment of receivers without notice. Nor does the recital in the decree that the chancellor postponed the hearing of the application until 4 p. m. of the same day in order that this notice should be served cure the defect. The notice should have been returned by the sheriff at 9 a. m. The proper practice would have been for the chancellor to have fixed a later date for the hearing of the application and ordered an *alias* notice to issue to the respondent to appear at the time fixed by him for the hearing. The principle here involved is analagous to the service of a summons and complaint after the term of the court has passed to which it is returnable, or the service of a subpœna upon a witness after the day named in it for his appearnace has passed. How stands the case upon the appointment of the receiver without notice? The only averment contained in the bill upon which such an order can possibly be predicated as against this appellant, who was in the possession of the property by virtue of certain conveyances to him made by the co-respondent, is the following language: "Complainants are informed and believe and upon such information and belief aver that the said Schilcer is insolvent and that he is converting said property to his own use." The verification to the bill by each of the complainants is to the effect "that the matters and things alleged in the foregoing bill as facts are true, and those alleged upon information and belief he believes to be true." The only other evidence of the truth of the allegations of the bill is the affidavit of Sittason who made the conveyance to

the appellant, to the effect that it embraced substantially all his property. So then the decretal order assailed must find its support in the verification of the bill. "When the averment is positive the verification should be so. When it is upon information and belief, the verification should embrace both the facts, that the affiant has been informed and believes them to be true, either in terms or by affirming positively that the facts alleged in the bill are true as therein stated."—*Burgess v. Martin*, 111 Ala. 656. These verifications are so defective that they practically amount to no evidence of the truthfulness of the material facts alleged in the bill upon which complainants' rights depend for the appointment of a receiver.—*Pollard v. Southern Fertilizer Co.* 25 So. Rep. 169, and authorities cited therein; *Smith v. Teague*, 24 So. Rep. 9.

The decree must be vacated and annulled. The receiver will be required to account to the lower court for the property which went into his hands, and the proceeds of such as he may have sold, and all money collected by him upon accounts, notes, etc. Leave is granted the complainants to renew their application upon proper proof and notice, if they are so advised.

Reversed, rendered and remanded.