# Smothers v. Meridian Fertilizer Factory.

*Petition in Equity to reopen a Decree rendered against Non-resident.*

1. *Decree against non-resident defendant; when such defendant not entitled to have decree reopened upon petition filed.*—Where one who is described in a bill in equity as a non-resident, and against him, on his failing to answer, a decree *pro confesso* is regularly taken, and upon this decree and the testimony regularly taken a final decree is rendered, such defendant is not, upon petition filed as provided by statute, (Code, §§ 753-754), entitled to have the decree rendered against him set aside upon the ground that at the time of the filing of the bill and the rendition of said decree, he was not a non-resident of the State, and should, therefore, have been personally served; the provisions of the statute having no application to resident defendants.

2. *Same; same; what necessary to be shown.*—Under the statute permitting a decree rendered against a non-resident to be set aside upon a petition filed showing sufficient cause therefor, such decree will not be opened as a matter of course and be assailed on the presentation of a petition by such non-resident defendant, but only upon sufficient cause shown; and to come within the meaning of the statute, it must be shown that the party had no actual notice of the suit, and to appear and defend, and that by reason of a defense which he sets up in the

[Smothers v. Meridian Fertilizer Factory.]

petition and avers can be proven, an unjust decree has been pronounced against him.

3.  *Equity pleading; insufficient verification.*—The verification of a bill in chancery or a petition in equity by the attorney of the complainant or petitioner, in which the affiant deposes and says that the facts alleged in the bill or petition are true and correct according to his best information and belief, is wholly insufficient.

APPEAL from the Chancery Court of Lamar.

Heard before the Hon. WILLIAM H. SIMPSON.

The appellee, the Meridian Fertilizer Factory, filed a bill in the chancery court of Lamar county against the appellants, M. C. and M. A. Smothers. It was averred in the bill that M. C. Smothers was indebted to the complainant and that for the purpose of hindering, delaying and defrauding the complainant and other creditors, he had executed a mortgage to M. A. Smothers, his mother, upon certain real and personal property; that there was no real consideration for said mortgage, but that the consideration was simulated and fictitious.

The prayer of the bill was that said mortgage be declared fraudulent and void and set aside and cancelled; that said property be subjected to the payment of complainant's debt. I was averred that M. C. Smothers was a non-resident of Alabama and M. A. Smothers was a resident citizen of the State. An affidavit of non-residence of M. C. Smothers was made and an application was made for service upon him as a nonresident in the manner required by law. Personal service was had upon M. A. Smothers. After the publication as to M. C. Smothers had been completed for more than 30 days, and after the lapse of more than 30 days from the personal service upon M. A. Smothers, and the defendants had failed to answer said bill, the register, on motion of the complainant, rendered a decree *pro confesso* against said defendants. After the rendition of this decree *pro confesso* the complainant introduced evidence showing the existence of the debt, that it had not ben paid, etc., and at the spring term 1902 of the chancery court of Lamar county the cause was sub-

mitted for final hearing upon the decree *pro confesso* and the testimony which had been regularly taken, and the chancellor rendered a decree granting the relief prayed for in the bill. Subsequent to the rendition of this decree, to-wit, in May, 1902, M. C. Smothers and M. A. Smothers filed a joint petition in said cause addressed to the chancellor, in which they averred the facts as above set out, and further averred that the mortgage executed by M. C. Smothers to M. A. Smothers was not in any way fraudulent or executed for the purpose of hindering, delaying and defrauding his creditors, but that it was given to secure a *bona fide* indebtedness from M. C. Smothers to M. A. Smothers for money which M. C. Smothers had borrowed from his mother. It was further averred in the petition that neither at the time of the filing of the bill, nor at any time since, has M. C. Smothers been a non-resident of the State of Alabama; that at the time the bill was filed he was temporarily absent in Chattanooga, Tennessee, prosecuting the study of medicine, and that he did not change his residence from the State of Alabama either by domicile or through intention, and that he was at that time and at the time of filing the petition a *bona fide* resident of the State of Alabama.

It was further averred that M. C. Smothers never had notice of the filing of the bill, never received a copy of the publication and was ignorant of the publication of the pending suit until after the rendition of the final decree; and that, therefore, the decree *pro confesso* and the final decree against the petitioners were erroneous and void.

It was averred in the petition as to M. A. Smothers that she was old and infirm and although a resident of the State, she depended upon her son M. C. Smothers to attend to said suit and all other business for her.

The prayer of the petition was that a decree be rendered setting aside and holding for naught the decree *pro confesso* and the final decree rendered against the petitioners in favor of the Meridian Fertilizer Factory, and that said petioners be allowed to appear and defend against said bill upon its merits and in such

[Smothers v. Meridian Fertilizer Factory.]

manner as they may deem proper. The verification of the petition was made by A. M. Willett, one of the attorneys for petitioners, who deposed and said: "That the facts alleged in the foregoing petition are true and correct according to his best information and belief."

The Meridian Fertilizer Factory, as the respondent in said petition, moved to dismiss the petition upon the ground, among others, that said petition shows no reason why the final decree in said cause should be vacated and set aside, that said peition fails to show that any unjust decree has been rendered against the defendants in said cause prejudicial to their interest without fault and negligence on their part, and that it is not averred in the petition that the defendant could prove the defense set up therein. The respondent also demurred to the petition upon substantially the same grounds.

The respondents filed an answer to the petition in which they expressly denied each and every allegation contained in the petition as to the validity of the mortgage and as to its being given for a *bona fide* debt, and demanded strict proof of such allegations. In its answer it denied all of the material allegations of the petition as to any rights of the petitioner.

Upon the hearing of the petition, the petitioners failed to appear or make any defense or offer any evidence to sustain their petition. The respondent appeared and filed affidavit to sustain its answer. Thereupon the chancellor sustained the respondent's motion to dismiss and the demurrer, and upon a consideration of the petition and the answer and the evidence, rendered a decree dismissing the petition. From this decree the petitioner, M. C. Smothers appeals, and assigns the rendition thereof as error.

WILLETT & WILLETT, for appellant.

NESMITH & NESMITH, *contra,* cited *Vaughan v. Higgins,* 68 Ala. 456; *Lehman v. Collins,* 69 Ala. 127; *Peterson v. Blanton,* 76 Ala. 264; *Beadle v. Graham,* 66 Ala. 102; *Schaffer v. Lavretta,* 57 Ala. 14; *James v. James,* 55 Ala. 526.

TYSON, J.—This appeal is prosecuted from an order of the chancellor dismissing a petition filed in vacation to reopen a decree rendered at a regular term of the court held prior thereto, for the purpose of allowing the petitioners to come in and defend the suit. It appears from the record in the cause that the petitioner M. C. Smothers was a non-resident of this State, and that publication was made as required by the statute, and that his co-petitioner, M. A. Smothers, was a resident and that personal service was had upon her. Decrees *pro confesso* were regularly taken and entered against each of them. Upon the decrees *pro confesso* and testimony regularly taken, upon submission the court rendered the decree sought to be reopened. In short, the procedings throughout were regular and the decree rendered was in conformity to the statute.—§ 759 of Code.

As to the respondent M. C. Smothers, who, as we have said, was shown by the bill and other papers in the cause, to be a non-resident, the decree, by force of the statutes (§§ 753-4), does not become absolute until after the expiration of twelve months from the date of its rendition and he, upon petition filed within the time prescribed, showing sufficient cause, has the right to have it set aside and be let in to defend the suit upon the merits. As to the respondent M. A. Smothers, she having had personal notice, the provisions of the statutes clearly have no application.

The theory upon which the petition is sought to be sustained in behalf of M. C. Smothers and the only one insisted upon here, is that he was, at the time of the filing of the bill, merely temporarily absent from the State—that he had not become a non-resident but was a resident of this State and, therefore, he should have been personally served. Conceding that these facts are sufficiently averred in the petition and conceding the truth of them, this is clearly not cause within the meaning of the statutes, and does not entitle him to the benefits conferred by them, if it be conceded also that the petition shows that he has a meritorious defense.—*Tabor v. Lorance*, 53 Ala. 543.

Again, conceding for the purpose of this discussion, that the averments of the petition fail to show that the petitioner was entitled to notice of the filing of the bill by personal service and, therefore, the service by publication was proper, and that he would be entitled in this respect, to invoke the remedy provided in the statutes, and further conceding that the averments of the petition show that he had a meritorious defense to the bill, which of course must be alleged (*Lehman v. Collins*, 69 Ala. 127), its dismissal, at the hearing upon the evidence submitted, which wholly supported the denials and averments of the answer, was proper. For there was no proof of the truth of the controverted facts alleged in the petition. It is true, it purports to be verified. But the verification amounts to no verification at all.—*Burgess v. Martin*, 111 Ala. 656; *Pollard v. So. Fertilizer Co.*, 122 Ala. 409; *Schilcer v. Brock*, 124 Ala. 626.

So then whether we construe the averments of the petition as showing that M. C. Smothers was a resident of this State and, therefore, entitled to personal service, or that he was a non-resident, its dismissal was proper.

Affirmed.