## PETCHEY v. ALLENDALE LAND CO.
### (6 Div. 845.)

Supreme Court of Alabama. May 12, 1927.

1. **Appeal and error** ⊚⟿781(4) — **Order appointing receiver held reviewable, though receiver had filed final report showing disposition of property in his hands.**

Order appointing receiver *held* reviewable, though, after perfection of appeal, receiver, whose authority was not suspended, had filed final report showing disposition of property in his hands.

2. **Appeal and error** ⊚⟿460(1)—**Appeal from order appointing receiver did not suspend his authority, where cost bond only was given.**

Authority of receiver was not suspended on appeal from order of appointment, where cost bond alone was executed without supersedeas.

3. **Equity** ⊚⟿319—**Verification should be construed against pleader.**

Language of verification must be given construction against pleader.

4. **Equity** ⊚⟿319—**Verification alleging affiant is informed and believes that facts set forth are true held insufficient.**

Verification attached to bill for appointment of receiver, alleging affiant "is informed and believes that facts set out in foregoing bill of complaint are true and correct," *held* insufficient as failing to show information or knowledge of their truth.

5. **Receivers** ⊚⟿36—**Insolvency of defendant is important averment required to be definitely alleged in bill for appointment of receiver.**

In bill for appointment of receiver, insolvency of defendant is important averment which must be alleged with definiteness and certainty.

6. **Receivers** ⊚⟿35(1)—**Receiver may be appointed without notice, in exercise of court's discretion, only in case of emergency or peril.**

Trial court has discretion to appoint receiver without notice, but should make such appointment only where strong case of emergency and peril is presented, well supported by affidavits.

Appeal from Circuit Court, Jefferson County, Bessemer Division; C. B. Smith, Judge.

Bill for appointment of a receiver by the Allendale Land Company against B. S. Petchey. From an order appointing a receiver, defendant appeals. Reversed and remanded.

Goodwyn & Ross, of Bessemer, for appellant.

The cases in which a receiver may be appointed without notice to the defendant are exceptional, and a strong case of pressing emergency, rendering immediate interference necessary, must be shown. Bank of

Florence v. U. S. Sav. & Loan Co., 104 Ala. 297, 16 So. 110; Briarfield Iron Co. v. Foster, 54 Ala. 622; Pearce v. Jennings, 94 Ala. 524, 10 So. 511. The appointment of a receiver without notice to defendant should be dissolved, unless the bill, in addition to alleging facts showing pressing necessity therefor, allege with definiteness and certainty that defendant is insolvent. Hayes v. Jasper Land Co., 147 Ala. 340, 41 So. 909; Warren v. Pitts, 114 Ala. 65, 21 So. 494; Black v. Sullivan Timber Co., 147 Ala. 327, 40 So. 667. The petition for receiver should be well fortified by legal affidavits. Thompson v. Tower Mfg. Co., 87 Ala. 733, 6 So. 928; Hughes v. Hatchett, 55 Ala. 631; Briarfield Co. v. Foster, supra; Henry v. Ide, 209 Ala. 367, 96 So. 698; Smith-Dimmick L. Co. v. Teague, 119 Ala. 385, 24 So. 4; Burgess v. Martin, 111 Ala. 656, 20 So. 506; Schilcer v. Brock, 124 Ala. 626, 27 So. 473; 34 Cyc. 134.

Huey & Welch, of Bessemer, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. [1, 2] Appeal from an order appointing a receiver. Appellee moves a dismissal of the appeal on the ground, inclusive in a general way of all others, that the ends of the receivership have been accomplished and the propriety of the appointment is now a moot question. The appeal was taken in accordance with the statute; appellant executing a bond for costs only. There was no supersedeas. The authority of the receiver was not suspended, and it is now made to appear to the court that, after the appeal had been perfected as stated above, the receiver filed a report showing that the personal property which had come into his hands in virtue of his appointment had been disposed of, and that, on the day before the submission of the cause in this court, the receiver had filed his final report in the court, from which the order of appointment emanated. The motion to dismiss must be denied. The appeal must be considered in order to a determination of the propriety of the order appointing the receiver with whatever consequences to the parties and to the receiver and their bondsmen such determination may involve.

[3, 4] The order appointing the receiver appears to have been made on the affidavit of one Adler, to whose rights in the premises the Allendale Land Company, appellee, had succeeded by assignment, and was made without notice to appellant. The controversy between the parties involves the control of a pig farm under lease to defendant (appellant) and the possession of a number of pigs and some farm truck, viz. some bushels of corn and greens and collards in the field. The affidavit appended to the bill is not satisfactory; it is not such an affidavit as the law requires in its place. It is that—

"He (affiant) is informed and believes that the facts set out in the foregoing bill of complaint are true and correct as stated therein."

Properly construed against the pleader, the affidavit means no more than that affiant believes the averments of the bill to be true, though he may have neither information nor knowledge of their truth. Burgess v. Martin, 111 Ala. 657, 20 So. 506, and cases cited; Smith-Dimmick Co. v. Teague, 119 Ala. 390, 24 So. 4.

[5] Nor is the insolvency of defendant, an important averment in the case sought to be made by the bill, averred with that definition and certainty required in such cases. Warren v. Pitts, 114 Ala. 68, 21 So. 494. The alternative averment would indicate that complainant was in doubt as to the fact.

[6] It was within the discretion of the trial judge to appoint a receiver without notice; but "it should be a strong case of emergency and peril, well fortified by affidavits," to authorize such appointment. Thompson v. Tower Mfg. Co., 87 Ala. 733, 6 So. 928; Henry v. Ide, 209 Ala. 367, 96 So. 698.

Our judgment is that the averments and proofs shown by the record did not warrant the appointment of the receiver without notice to the adverse party. Accordingly, the decree will be reversed, and the cause remanded; to the end that the receiver may account to the court and a proper decree render disposing of the receivership.

Reversed and remanded.

GARDNER, BOULDIN, and BROWN, JJ., concur.