(125 So. 644)
**LEGGETT et al. v. J. W. LEGGETT JEWELRY CO. et al. (6 Div. 431.)**

Supreme Court of Alabama. Jan. 16, 1930.

Huey & Welch and W. G. Stone, all of Bessemer, for appellants.

McEniry & McEniry, of Bessemer, for appellees.

GARDNER, J. ■ The appeal is from a decree overruling demurrers to the bill. The court in sustaining the plea in abatement as to J. W. Leggett Jewelry Company, eliminated the corporation as a party to the cause, but was evidently of the opinion the averments of the bill in connection with its caption sufficiently indicated that W. B. Seymour in his individual capacity was also a party complainant. The caption of the bill is omitted from the transcript (Supreme Court Rule 26), but was before the chancellor, and we are of the opinion there should here be concurrence in the conclusion of the trial court. So considered, the bill remains as one by Seymour, a minority stockholder, against the officers and manager of the corporation who own and control the majority stock.

The bill seeks an accounting of funds of the corporation alleged to have been fraudulently converted to the personal use of the defendants, and that wasted in unauthorized expenditures. There are averments of false entries in the books, incapacity on account of so frequent intoxication on the part of defendant J. W. Leggett to manage and operate the business, and a continued loss of money for the last several years, to such an extent that, if permitted to continue under present management, the whole estate of the corporation will be wasted.

The bill also seeks an accounting by defendants with the corporation, and that certain real estate alleged to have been purchased with the corporate funds be declared the property of the corporation, and further that a receiver be appointed.

■ Appellants insist the corporation is a necessary party, citing Kendig v. Dean, 97 U. S. 423, 24 L. Ed. 1061, and that the demurrers should have been sustained. But this authority was dealing with submission of the cause for final decree, and in the instant case there is no ground of demurrer taking the point. While it may be conceded the corporation should be made a party to the suit, yet upon submission for decree on demurrer, as distinguished from one for final decree, it is essential that this deficiency of the bill be pointed out by appropriate ground of demurrer. The question was fully considered in Baisden v. City of Greenville, 215 Ala. 512, 111 So. 2, and needs no further discussion.

■ While in a bill of this character ordinarily it should appear that an appeal has been first made to the governing board to redress the wrongs of the corporation, yet, when the bill shows the wrongs complained of are by those of the governing board, as in the instant case, such demand is unnecessary as a condition precedent to the maintenance of the suit. Henry v. Ide, 208 Ala. 33, 93 So. 860; Glass v. Stamps, 213 Ala. 95, 104 So. 237; Henry v. Ide, 209 Ala. 367, 96 So. 698; Holcomb v. Forsyth, 216 Ala. 486, 113 So. 516.

■■ The bill, among other things, prays for the appointment of a receiver, and, of course, as a condition precedent thereto, complainant must offer satisfactory proof in some form. Petchey v. Allendale Land Co., 216 Ala. 167, 112 So. 818; Burgess v. Martin, 111 Ala. 656, 20 So. 506. We know of no rule, however, rendering a bill of this character demurrable for a failure of its verification. Sims' Chancery Pract. § 303.

We have here discussed the questions seriously treated by counsel for appellants in their brief, and conclude that the decree overruling the demurrers to the bill should be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.