**LAMBERT et al. v. ANDERSON.**

5 Div. 131.

Supreme Court of Alabama.

May 18, 1933.

Rehearing Denied June 29, 1933.

See, also, 224 Ala. 110, 139 So. 287.

Huddleston, Glover & Jones, of Wetumpka, for appellants.

Steiner, Crum & Weil, of Montgomery, for appellee.

BOULDIN, Justice.

The nature and purpose of the original bill is, for present purposes, sufficiently disclosed in Lambert v. Anderson, 224 Ala. 110, 139 So. 287.

Pending the suit, Union Springs Guano Company and Union Springs Fertilizer Company, its successor in right and title pending the suit, filed their cross-bill to foreclose the mortgages upon thirty head of mules involved in the pending litigation, prayed for, and obtained the appointment of a receiver to conserve the property pending the suit.

■ The appointment was made by the judge of the court. The appeal is from such decree.

The appointment is challenged because made without notice to respondents.

Code, § 10113, requiring notice when application is made to the register, is without application to appointments by the judge.

There are obvious reasons for safeguards against hasty appointment of receivers by the register, which may not obtain in appointments by the judge, especially receivership in cases where jurisdiction has been acquired on other equitable grounds, and the court is charged with a duty to conserve the property involved in the litigation pending the suit.

The averments of section (e) of the cross-bill present a state of facts, which, if true, called for the appointment of a receiver to prevent irreparable loss, and presented conditions warranting an appointment without notice.

■ Chief criticism is directed to the form of verification of the cross-bill.

In Burgess & Co. v. Martin, 111 Ala. 656, 657, 658, 20 So. 506, 507, the affiant verified the bill "as true to the best of his knowledge, information, and belief." The court said:

"But to construe the affidavit, according to the general rule, most unfavorably to the party relying upon it, there is no room for affirmatively saying that it means anything more than that the affiant believes the allegations of the bill to be true, though he has neither knowledge nor information of their truth. * * *

"When it is upon information and belief, the verification should embrace both the facts that the affiant has been informed and believes them to be true, either in terms or by affirming positively that the facts alleged in the bill are true as therein stated."

It will be noted that the criticism was not because the bill was verified on information and belief, but because of the insufficiency of such verification for failure to depose on oath that affiant was informed of the truth of such allegations, and the information was such as to induce a sworn belief that they were true.

This decision has been followed in numerous cases. Among them, Smith-Dimmick Lumber Co. v. Teague, Barnett & Co., 119 Ala. 385, 24 So. 4; Schilcer v. Brock & Spight, 124 Ala. 626, 27 So. 473; Sulzby v. Palmer, 194 Ala. 524, 531, 70 So. 1.

The cases of Birmingham Disinfectant Company v. Smith, 174 Ala. 374, 56 So. 721, and Petchey v. Allendale Land Co., 216 Ala. 167, 112 So. 818, recognize the rule of these former cases, and merely hold the verification in these latter cases did not comply therewith, in that the affidavit meant "no more than that affiant believes the averments of the bill to be true, though he may have

neither information nor knowledge of their truth. Burgess v. Martin, 111 Ala. 657, 20 So. 506, and cases cited; Smith-Dimmick Co. v. Teague, 119 Ala. 390, 24 So. 4." Petchey v. Allendale Land Co., 216 Ala. 167, 112 So. 818.

It will be noted the material averments of the present bill are alleged on information and belief in this manner; "Cross complainants are advised and informed, which information they have reason to believe, and verily do believe to be true."

The verification refers to and is to be construed in connection with these recitals. It is sufficient.

We observe that prior to 1895 no bond was required as a condition precedent to the appointment of a receiver; but since then bond is required to protect all parties against damages in the event the appointment be vacated because improvidently made. Code, § 10115. It may be vacated by the judge on a further hearing, or on appeal. Pagett v. Brooks, 140 Ala. 257, 37 So. 263.

Thus the complainant must put a bond behind his allegations of necessity for a receivership, much relieving the courts of difficulty and the parties respondent from the hazards of improvident appointments. See note, Michie's Code, § 10115.

In the practical administration of justice, it is often difficult, if not impossible, to have a verification by any one with actual knowledge of the facts. Fraud is not perpetrated in the presence of the defrauded, nor usually of those willing to make oath for him. Brown v. State ex rel. Wright, Solicitor, 222 Ala. 623, 133 So. 913.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.